

FILED
SEP 2 9 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CENTURY INDEMNITY COMPANY, a
Pennsylvania Corporation,

                   Plaintiff,

       v.

THE MARINE GROUP, LLC, a California
limited liability company, as affiliated with
Northwest Marine, Inc.; NORTHWEST
MARINE, INC., an inactive Oregon
corporation, as affiliated with Northwest
Marine Iron Works; NORTHWEST
MARINE IRON WORKS, an inactive
Oregon corporation,

Defendants.

THE MARINE GROUP, LLC, a California
limited liability company, as affiliated with
Northwest Marine, Inc.; NORTHWEST
MARINE, INC., an inactive Oregon

Civ. No.08-1375-AC

OPINION AND
ORDER

OPINION AND ORDER                 1                          {KPR}

corporation, as affiliated with Northwest
Marine Iron Works; NORTHWEST
MARINE IRON WORKS, an inactive
Oregon corporation; and BAE SAN DIEGO
SHIP REPAIR, INC., a California
corporation,

       Third-Party Plaintiffs,

          v.

AGRICULTURAL INSURANCE
COMPANY, an Ohio corporation;
AMERICAN CENTENNIAL INSURANCE
COMPANY, a Delaware corporation;
CHICAGO INSURANCE COMPANY, an
Illinois corporation; CONTINENTAL
INSURANCE COMPANY, a Pennsylvania
corporation; EMPLOYERS MUTUAL
CASUALTY COMPANY, an Iowa
corporation; FEDERAL INSURANCE
COMPANY, an Indiana corporation;
GRANITE STATE INSURANCE
COMPANY, a Pennsylvania corporation;
HARTFORD INSURANCE COMPANY, a
Connecticut corporation; INSURANCE
COMPANY OF THE STATE OF
PENNSYLVANIA, a New Jersey
corporation; INSURANCE COMPANY OF
NORTH AMERICA, a Pennsylvania
corporation; CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON, and CERTAIN
LONDON MARKET INSURANCE
COMPANIES, each a foreign corporation;
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, a
Pennsylvania corporation; NEW
ENGLAND REINSURANCE COMPANY,
a Connecticut corporation; OLD REPUBLIC
INSURANCE COMPANY, an Illinois
corporation; PACIFIC MUTUAL MARINE
OFFICE INC., a New York corporation;
RELIANCE INSURANCE COMPANY, a

OPINION AND ORDER              2                          {KPR}

Pennsylvania corporation; ROYAL
INDEMNITY COMPANY, a Delaware
corporation; ST. PAUL FIRE & MARINE
INSURANCE COMPANY, a Minnesota
corporation; TWIN CITY FIRE
INSURANCE COMPANY, an Indiana
corporation; WATER QUALITY
INSURANCE SYNDICATE, a syndicate of
foreign corporations; WEST COAST
MARINE MANAGERS, INC., a New York
corporation; and JOHN DOE INSURANCE
COMPANIES,

        Third-Party Defendants.

ACOSTA, Magistrate Judge:

## Introduction

Third-party plaintiffs the Marine Group, LLC, Northwest Marine, Inc., Northwest Marine Iron Works, and BAE Systems San Diego Ship Repair, Inc. (collectively "third-party plaintiffs") are defendants in the present action, and assert a third-party complaint against various entities including the third-party defendants Certain Underwriters at Lloyd's London and Certain London Market Insurance Companies (collectively "LMI"). Specifically, third-party plaintiffs seek declaratory judgment regarding the rights and liabilities of the parties with respect to insurance policies. Third-party plaintiffs also assert a breach of contract claim against the third-party defendants, LMI. LMI moves for dismissal of the breach of contract claim for failure to state a claim for relief, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1]

//

---

[1] They also move for dismissal of the third-party plaintiffs' request for attorney fees associated with its claims for declaratory judgment. In their response, third-party plaintiffs agreed that they are not entitled to attorney fees associated with those claims and, thus, the court strikes the request for said attorney fees from the complaint.

*Factual Background*

The facts are taken, as true, from the pleading in question. Third-party plaintiffs, as defendants to the underlying action, have and will incur substantial litigation expenses arising from defense of the underlying action. Third-party plaintiffs may also incur substantial liabilities associated with the Portland Harbor Superfund Site. They anticipate total liabilities upwards of $500 million associated with the Superfund Site. This amount will be allocated among a group of potentially responsible parties, including those who comprise third-party plaintiffs. LMI is comprised of some of several insurers with whom third-party plaintiffs have defense and/or indemnity policies in connection with the underlying policies.

The breach of contract claim includes the following specific allegations. First, it is alleged that the third-party plaintiffs have and will continue to incur costs for defending the underlying actions and future actions, and anticipates incurring liability for damages in connection with such actions. (McCarthy Decl., Ex. A at ¶64.) Second, it is alleged that "[t]hird-party defendants have breached, and third-party plaintiffs anticipate that third-party defendants will continue to breach, their respective obligations for claims . . . in wrongfully refusing to provide coverage for costs of defense or indemnity." *Id.* at ¶ 65. Third, it is alleged that "[a]s a result of third-party defendants' actual and prospective or anticipated breaches of their contractual obligations under the insurance policies, third-party defendants are liable, and will be liable in the future . . . ." *Id.* at ¶ 66.

*Legal Standard*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court addressed the pleading standard to adequately state a claim under the Federal Rules of Civil Procedure. Rule 8(a) governs pleadings and calls for "a short and plain statement of the claim showing that the pleader

OPINION AND ORDER                          4                          {KPR}

is entitled to relief . . . ." FED. R. CIV. P. 8(a) (2009). In 2007, the Court explicitly departed from the often cited standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). The *Conley* standard held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. The *Twombly* court rejected this as an inappropriate pleading standard, and indicated that it had been taken out of its original context and should be "forgotten as an incomplete, negative gloss on an accepted pleading standard:   once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 550 U.S. at 563.

Not only did *Twombly* depart from the previous standard, it emphasized the need to include sufficient facts in the pleading to give proper notice of the claim and its basis: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (brackets omitted). Even so, the court noted that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Since *Twombly,* the Supreme Court made clear that the pleading standard announced therein is generally applicable to cases governed by the Federal Rules of Civil Procedure, and not just those cases involving antitrust allegations.

As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (May 18, 2009) (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted); *see also Villegas v. J.P Morgan Chase & Co.*, No. C 09-00261 SBA, 2009 U.S. Dist. LEXIS 19265, at *7-8 (N.D. Cal. Mar. 6, 2009) ("The Twombly standard, moreover, is of general application and is as easily applied to wage and hour litigation as antitrust."). The Court went on to identify two principles informing the decision in *Twombly*. The first was that, although the court must assume true all facts asserted in a pleading, it need not accept as true any legal conclusions set forth in a pleading. The second principle requires that the complaint set forth a plausible claim for relief and not merely a possible claim for relief. The Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1949-50 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2nd Cir. 2007)). In conclusion, the Court wrote: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

### Discussion

This motion and the resulting briefing present two questions for determination by the court: (1) whether the third-party complaint, the motion to dismiss, or both, were prematurely pleaded and filed, respectively, and (2) if the breach of contract claim was appropriately pleaded in the third-party complaint.

OPINION AND ORDER                                    6                                    {KPR}

1.    Timeliness of the Third-party Complaint and Motion to Dismiss

Each party maintains that the other's procedural action is premature. LMI argues that the third-party complaint, to the extent that it alleges a claim of breach of contract, is premature. This because, according to LMI, until the underlying liabilities are determined, i.e., the nature and content of the insurance policies at issue, the court cannot evaluate whether or not a breach has plausibly occurred. Furthermore, by failing to give LMI notice of the alleged breach, third-party plaintiffs did not allow LMI to perform an investigation into what coverage and what duties were owed to third-party plaintiffs.

Third-party plaintiffs claim that LMI's motion is premature under the terms of the court-ordered joint case management order and based on an exchange of incomplete information that third-party plaintiffs did not understand would form the basis of a motion to dismiss. The joint case management order, filed on July 7, 2009, provided that the first phase of discovery would

> be completed December 15, 2010, unless otherwise ordered, and is for the purpose of identifying and resolving the existence of insurance policies, if any, and their terms, . . . , and any additional insurance policies which might cover claims in this action by defendants and third-party plaintiffs, and the legal entitlement, if any, of defendants and third-party plaintiffs to claim benefits thereunder.

(Joint Case Management Order, Docket No. 127 at 3-4.) Thus, according to third-party plaintiffs, LMI's motion to dismiss is contrary to this schedule and, thus, premature. LMI points out that its motion to dismiss was filed three weeks prior to the order.

Procedurally, as a legal matter, LMI's motion to dismiss is not premature and the fact that the parties agreed subsequently to conduct discovery in a particular manner does not necessarily render it premature. Rather, LMI, upon being served with a complaint alleging claims against it was entitled to respond to those claims as it saw fit. Similarly, third-party plaintiffs' breach of contract

OPINION AND ORDER                          7                          {KPR}

claim against LMI is not premature either, as a matter of law. Provided that third-party plaintiffs'

claims are properly pleaded, they may allege any claims they have against third-party defendants.

2.    Sufficiency of Pleading

The parties agree that the full extent of the underlying coverage has not yet been determined.

Even so, third-party plaintiffs submitted evidence suggesting that the parties entered into policies

that provided for both primary and excess coverage. This evidence is extrinsic and, thus, irrelevant

to the court's analysis. Furthermore, regardless of what the underlying rights and duties of the

respective parties are, no facts were pleaded detailing the alleged claim or the refusal to perform by

LMI resulting in LMI's alleged breach. Thus, it is undisputed at this stage that third-party plaintiffs

did not act in such a way as to trigger performance of LMI's duties, whatever they may be. For

purposes of this motion, no breach has been effectively pleaded.

The relevant case law supports LMI's position, regardless of the type of policy in question.

First, if the parties entered into an excess insurance policy, i.e., the insurers' duty to pay is triggered

only after the primary policies have been exhausted, the breach of contract claim may be pleaded as

one of anticipatory breach. In order to adequately plead such a claim, it must be alleged that the

breaching party has "refuse[d] by acts or deeds [to] perform [its] obligations under the contract

positively, unconditionally, unequivocally, distinctly and absolutely." *Swick v. Mueller*, 193 Or. 668,

676 (1951). Second, in order for the breach to "become an effective breach, the other party must

accept and act on the same." *Id.* at 677. In instances where the underlying policies have not been

exhausted, but the excess insurer has repudiated its duty "prior to the time for performance . . . a

declaratory judgment on the coverage obligations of certain defendant-insurers may be appropriate,

[although] a breach of contract action is premature." *Maryland Casualty Co. v. W.R. Grace & Co.*,

OPINION AND ORDER                              8                                    {KPR}

1996 U.S. Dist. LEXIS 7795, at *5 (S.D.N.Y. June 7, 2006).  Thus, absent an allegation of a claim

and repudiation, no claim of anticipatory breach has been pleaded.

      Third-party plaintiffs respond that LMI's duty to defend has been triggered as it has been

shown that third-party plaintiffs had a primary policy with LMI that included a duty to defend

clause.[2]  Therefore, third-party plaintiffs contend, LMI is currently in breach, its claim does not

implicate anticipatory breach and, thus, *Maryland Casualty* does not apply.  Again, evidence as to

the nature of the policies in question is extrinsic and will not be considered by the court.

Furthermore, third-party plaintiffs did not specifically plead that LMI had a duty to defend, that third-

party plaintiffs gave LMI notice of their claim, or that LMI unequivocally refused to defend that

claim on behalf of the third-party plaintiffs.  Third-party plaintiffs' pleading contains only the

broadest of generalities, at best advancing the conclusion that the third-party defendant insurers have

or will breach their duties to third-party plaintiffs, who have or will incur liability arising from the

underlying actions and, thus, third-party defendants are or will be liable for breach of contract.  This,

alone, is insufficient to meet the standard articulated in *Twombly* and *Ashcroft.*

      Therefore, because third-party plaintiffs' pleading is insufficient as a matter of law, third-

party defendants' motion is granted.  The motion is granted with leave to third-party plaintiffs to

replead in a legally sufficient manner.  The claim for declaratory judgment is unaffected by this

ruling.

//

//

---

    [2] Marine Group states in its response that, to the extent LMI agrees to embrace its contractual
obligations under its insurance policies with Marine Group, it will drop the third-party claims arising
from breach of contract.

OPINION AND ORDER          9          {KPR}

*Conclusion*

For the reasons above stated, LMI's motion is GRANTED without prejudice and with leave to replead.

DATED this 29th day of September, 2009.

JOHN V. ACOSTA
United States Magistrate Judge