IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| CENTURY INDEMNITY COMPANY, a Pennsylvania Corporation, | Civ. No. 08-1375-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive Oregon corporation, | |
| Defendants. | |
| THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive Oregon corporation; and BAE SAN DIEGO | |

SHIP REPAIR, INC., a California corporation,

Third-Party Plaintiffs,

v.

AGRICULTURAL INSURANCE COMPANY, an Ohio corporation; AMERICAN CENTENNIAL INSURANCE COMPANY, a Delaware corporation; CHICAGO INSURANCE COMPANY, an Illinois corporation; CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation; HARTFORD INSURANCE COMPANY, a Connecticut corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a New Jersey corporation; INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and CERTAIN LONDON MARKET INSURANCE COMPANIES, each a foreign corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a Pennsylvania corporation; NEW ENGLAND REINSURANCE COMPANY, a Connecticut corporation; OLD REPUBLIC INSURANCE COMPANY, an Illinois corporation; PACIFIC MUTUAL MARINE OFFICE INC., a New York corporation; RELIANCE INSURANCE COMPANY, a Pennsylvania corporation; ROYAL INDEMNITY COMPANY, a Delaware corporation; ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota

corporation; TWIN CITY FIRE
INSURANCE COMPANY, an Indiana
corporation; WATER QUALITY
INSURANCE SYNDICATE, a syndicate of
foreign corporations; WEST COAST
MARINE MANAGERS, INC., a New York
corporation; and JOHN DOE INSURANCE
COMPANIES,

       Third-Party Defendants.
_____

ACOSTA, Magistrate Judge:

*Introduction*

Argonaut Insurance Company ("Argonaut") moves to intervene in the action for declaratory judgment filed by an insurer, Century Indemnity Company ("Century"), against its insured, The Marine Group, LLC, Northwest Marine, Inc., and Northwest Marine Iron Works (collectively "Northwest Marine"). Century seeks declaratory judgment as to its rights and duties under its insurance policies with Northwest Marine in relation to a lawsuit concerning environmental damage at the Portland Harbor Superfund Site ("the underlying action"). Northwest Marine, for its part, has filed third-party complaints against numerous insurance companies with which it also has policies that may be implicated in the underlying action ("the other insurers"). Argonaut is also an insurer of Northwest Marine that, in response to Northwest Marine's claim, has tendered a defense on Northwest Marine's behalf with respect to the underlying action. Argonaut seeks to intervene in the present matter to both obtain a declaration of its rights and duties under its insurance policies with Northwest Marine, as well as assert a contribution claim against the other insurers for the defense costs it has already incurred and continues to incur on Northwest Marine's behalf. Century objects to both Argonaut's intervention with respect to the claim for declaratory relief and Argonaut's own

contribution claim.

Argonaut seeks inclusion in the present action on four bases: intervention of right; permissive intervention; joinder as a necessary party; and permissive joinder. Because the court concludes that Argonaut is permitted to intervene by right, the alternative grounds are not discussed.

*Legal Standard*

Under Federal Rule of Civil Procedure 24(a), a party must be given permission to intervene where that party has an unconditional statutory right or where that party

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). In the Ninth Circuit, a party seeking intervention by right must satisfy four requirements: "(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

In evaluating whether the timeliness requirement has been met, the court considers three factors: "(1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of delay in filing the motion to intervene." *U.S. v. Brooks*, CV-94-483-ST, 1995 U.S. Dist. LEXIS 14950, at *3 (D. Or. May 1, 1995) (citing *U.S. v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), *cert. denied*, 501 U.S. 1250 (1991)).

To justify intervention by right, the intervenor's interest must be "a direct, significant, [and]

legally-protectable interest in the transaction that is the subject of the case." *Oregon Environmental Council v. Oregon Dept. of Environmental Quality*, 775 F. Supp. 353, 358 (D. Or. 1991). "Under Ninth Circuit precedent, the interest requirement of Rule 24(a)(2) is interpreted broadly in favor of applicants for intervention." *Southern Pacific Co. v. City of Portland*, Case No. 52-6662-HO, 2004 U.S. Dist. LEXIS 10974, at *13 (D. Or. June 8, 2004).

In analyzing whether the potential intervenor is adequately represented, the key factor is "'how the [intervenor's] interest compares with the interests of existing parties.' Where the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950-51 (9th Cir. 2009) (quoting *Arakaki*, 324 F.3d at 1086) (citations omitted).

The above factors may be interconnected and, under certain circumstances, lend themselves to be analyzed as such. In the words of the Second Circuit Court of Appeals: "Application of [Rule 24] requires that its components be read not discretely, but together. . . . although the Rule does not say so in terms, common sense demands that consideration also be given to matters that shape a particular action or particular type of action." *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984). The specific nature of this dispute and the interconnectedness of the parties and their interests is better suited to a more integrated reading and analysis of the elements of intervention by right.

*Discussion*

I.  Timeliness and Prejudice

This action was originally filed in this court by Century on November 21, 2008. The third-

party complaint was filed by Northwest Marine on January 27, 2009, against the other insurers. The court initially set a discovery deadline for the first phase of discovery for November 1, 2010. On February 27, 2009, Northwest Marine moved for permission to add additional third-party defendants to their third-party complaint. This motion was granted and the amended answer was subsequently filed on March 20, 2009. On December 14, 2009, Northwest Marine moved for a further extension of time within which to join parties and amend pleadings. This motion was granted and a second amended answer was subsequently filed on February 1, 2010. The motion to intervene was filed by Argonaut on July 2, 2010.

Argonaut argues that, at this stage of litigation, allowing intervention as a third-party defendant would not prejudice the parties already joined. Argonaut points out that, as of the date it filed its motion, the pleadings had been filed but no depositions had been taken, no trial date had been set, and no significant settlement negotiations had taken place. Thus, Argonaut maintains, its intervention would not disrupt the litigation or cause prejudice. Century, for its part, does not specifically oppose the motion on timeliness grounds but does argue that Argonaut's contribution claim, if allowed, would be extraordinarily disruptive and give rise to several legal issues that this litigation does not currently address.

In analyzing Century's contention, the court reviews the claims Argonaut seeks to allege in its intervening answer. There, Argonaut alleges a counterclaim against Northwest Marine for declaratory judgment as to Argonaut's rights and duties under the insurance policies held by Northwest Marine for which Argonaut is the insurer. This claim is essentially the same as the first claim for relief in the third-party complaint which "ask[s] this court to determine the rights and liabilities of the parties with respect to coverage under insurance policies for the Underlying Actions,

and additional related claims that will be asserted in the future, including duties of defense and/or indemnity." (Second Amended Answer at 16, ¶ 62.) Thus, Argonaut's counterclaim would not expand this inquiry except to the extent that it would add Argonaut's policies to the mix. There are almost thirty insurance companies already named as third-party defendants and each of their policies are at issue so the inclusion of Argonaut and its policies would have an only marginal effect.

Argonaut next alleges its first cross-claim for relief against the other insurers and seeks declaratory relief as to their duties to Northwest Marine with regard to the Portland Harbor Superfund Site. This is identical to the relief requested by Century and, thus, will not expand the court's inquiry except, again, to the extent that it adds Argonaut's policies to the analysis.

Argonaut's final claim for relief is a cross-claim seeking equitable contribution from the third-party defendant insurers for defense costs already incurred. The allegations state: "Should this Court find that each and all or some of the Insurer Cross-Defendants had and/or have a duty to defend and/or indemnify each and all or one or more of the policyholder defendants against and for the aforementioned claims . . . Argonaut is and will be entitled contribution from the Insurer Cross-Defendants" for amounts Argonaut has paid and will pay in the future related to the underlying action. (Argonaut's Answer ¶ 78.) From the court's perspective, it is inevitable that, if it concludes that other insurers were liable to defend and indemnify Northwest Marine, it must then determine to what extent each is liable, at which time costs arising from the defense will be imposed upon the insurers according to the extent of their liability. Accordingly, the court concludes that Argonaut's intervention will not seriously expand or complicate litigation of this matter, and thus the motion is timely.

//

II.  Protectable Interest

Century argues that Argonaut's contribution interest is speculative because it is contingent on a finding by this court that other insurers are liable for Northwest Marine's defense costs. However, the interests asserted in the contribution claim are not the only interests asserted by Argonaut. Argonaut also challenges the existence and extent of its coverage relative to the underlying action. And, although contribution is not yet explicitly an issue in the other parties' pleadings because none of the other insurers have yet paid out under their policies with Northwest Marine, it is a concept that is implicit in the very nature of this action where multiple insurers are seeking to define the extent of their duties both to Northwest Marine and relative to one another. In the court's view, that Argonaut has alleged that the other insurers should reimburse it, in whole or in part, for defense costs already incurred will do little to expand the scope of the litigation. Rather, such determination is implicit in final resolution of this matter.

As the above discussion reveals, Argonaut has a clear interest in this litigation. It is potentially liable for damages associated with the underlying action, as well as for defense costs that it will expend in the future. It has already tendered a defense on behalf of Northwest Marine and believes that it is entitled to contribution from other insurers. These interests meet the standard that they be "direct, significant, [and] legally-protectable[.]" *Oregon Environmental Council*, 775 F. Supp at 358.

Argonaut argues that, unless it is allowed to intervene, its ability to protect its interest will be impaired or impeded. Century argues that Argonaut's claims are unique and should be resolved independently. Argonaut's interest in this litigation is two-fold and seeks both contribution from other insurers for defense costs incurred and a declaration as to its duties under the insurance contract

regarding the underlying liability. This declaratory action, originally filed by Century to establish only its own liabilities with respect to Northwest Marine and the clean up action, has expanded to include, presumably, all of those entities that insure Northwest Marine in the context of the underlying action. Argonaut is one such insurer and this litigation represents its opportunity to resolve the extent of its liabilities. Failure to permit intervention would prevent Argonaut from protecting its interests.

Century also argues that Argonaut cannot intervene because it is not a party to the contract dispute between Century and Northwest Marine and, thus, lacks privity. However, this argument ignores the fact that Argonaut is a party to a contract with Northwest Marine, and wishes to intervene as a third-party defendant. Thus, Argonaut does not need to be a party to the contract between Century and Northwest Marine.

Finally, Century argues that Argonaut cannot intervene in this action because, under Oregon law, direct actions against insurers are not allowed. Argonaut argues that its intervention would not result in a direct action because a direct action involves an injured third party suing an insurer directly, rather than first suing the insured and receiving a judgment against the insured. *See White v. Allstate Ins. Co.*, No. 95-55824, 1996 U.S. App. LEXIS 27462, at *26 (9th Cir. Oct. 18, 1996) (describing a direct action as an action "against the insurer by a third party.") Here, Argonaut is pursuing a contribution claim against Century and the other insurers, not the direct action of a third party. Oregon recognizes a claim for equitable contribution between insurers. *Certain Underwriters at Lloyd's London v. Mass Bonding and Ins. Co.*, 235 Or. App. 99, 123, 230 P.3d 103 (Or. App. 2010) (distinguishing a direct action from equitable contribution). The court agrees that this is not a direct action.

III.     Adequate Representation

Century claims that Argonaut's interests will be adequately represented by other insurers currently in the action. Century argues that because Argonaut and the other insurers have the same "ultimate objective," that is, the other insurers all seek to establish that Century is liable on the underlying liability, Argonaut's interests will be adequately protected by those insurers already parties to the action. Therefore, Century argues, Argonaut must make a "compelling showing" that its interests are not adequately represented by the other parties. The court disagrees. Argonaut's interests are much broader than Century claims. Argonaut, and every other insurer a party to this action, seeks to establish that liability on the underlying claim belongs to other insurers and not to themselves, the specific insurer. Thus, to the extent that Argonaut seeks to establish Century's liability, it also seeks to establish the liability of other insurers in equal measure. And, importantly, all of the other insurers have the same interest in avoiding liability and, in doing so, shifting liability to other insurers, one of which is Argonaut. It ignores the reality of the claims in this case to suggest that an insurer will seek to protect the interests of another insurer where their interests are demonstrably diverse. Argonaut's interests will not be adequately represented by those currently parties to the action.

Accordingly, Argonaut meets the standard for intervention by right and the motion to intervene is granted.

//
//
//
//

*Conclusion*

For the reasons stated, Argonaut's Motion to Intervene (#219) is GRANTED.

DATED this 6th day of October, 2010.

                                              /s/ John V. Acosta
                                              JOHN V. ACOSTA
                                        United States Magistrate Judge