UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CENTURY INDEMNITY COMPANY,
a Pennsylvania Corporation,

                           Plaintiff,

           v.

THE MARINE GROUP, LLC, a California
limited liability company, as affiliated with
Northwest Marine, Inc.; NORTHWEST
MARINE, INC., an inactive Oregon
corporation, as affiliated with Northwest
Marine Iron Works; NORTHWEST
MARINE IRON WORKS, an inactive
Oregon corporation,

                        Defendants.

THE MARINE GROUP, LLC, a California
limited liability company, as affiliated with
Northwest Marine, Inc.; NORTHWEST
MARINE, INC., an inactive Oregon
corporation, as affiliated with Northwest

Case No.: 3:08-cv-1375-AC

OPINION AND ORDER

PAGE 1 – OPINION AND ORDER                                          *{SIB}*

Marine Iron Works; NORTHWEST
MARINE IRON WORKS, an inactive
Oregon corporation; and BAE SAN DIEGO
SHIP REPAIR, INC., a California
corporation,

                    Third-Party Plaintiffs,

       v

AGRICULTURAL INSURANCE
COMPANY, an Ohio corporation;
AMERICAN CENTENNIAL INSURANCE
COMPANY, a Delaware corporation;
CHICAGO INSURANCE COMPANY, an
Illinois corporation; CONTINENTAL
INSURANCE COMPANY, a Pennsylvania
corporation; EMPLOYERS MUTUAL
CASUALTY COMPANY, an Iowa
corporation; FEDERAL INSURANCE
COMPANY, an Indiana corporation;
GRANITE STATE INSURANCE
COMPANY, a Pennsylvania corporation;
HARTFORD INSURANCE COMPANY, a
Connecticut corporation; INSURANCE
COMPANY OF THE STATE OF
PENNSYLVANIA, a New Jersey
corporation; INSURANCE COMPANY OF
NORTH AMERICA, a Pennsylvania
corporation; CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON, and CERTAIN
LONDON MARKET INSURANCE
COMPANIES, each a foreign corporation;
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, a
Pennsylvania corporation; NEW
ENGLAND REINSURANCE COMPANY,
a Connecticut corporation; OLD REPUBLIC
INSURANCE COMPANY, an Illinois
corporation; PACIFIC MUTUAL MARINE
OFFICE INC., a New York corporation;
RELIANCE INSURANCE COMPANY, a
Pennsylvania corporation; ROYAL

PAGE 2 – OPINION AND ORDER                                 *{SIB}*

INDEMNITY COMPANY, a Delaware
corporation; ST. PAUL FIRE & MARINE
INSURANCE COMPANY, a Minnesota
corporation; TWIN CITY FIRE
INSURANCE COMPANY, an Indiana
corporation; WATER QUALITY
INSURANCE SYNDICATE, a syndicate
of foreign corporations; WEST COAST
MARINE MANAGERS, INC., a New York
corporation; and JOHN DOE INSURANCE
COMPANIES,

                Third-Party Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

Third-party plaintiffs Northwest Marine Iron Works, Northwest Marine, Inc., the Marine

Group, LLC, and BAE Systems San Diego Ship Repair, Inc. (collectively the "Insureds"), seek an

order finding third-party defendants St. Paul Fire and Marine Insurance Company, Insurance

Company of North America, Agricultural Insurance Company, and Agricultural Excess and Surplus

Insurance Company (collectively the "Insurers"), in contempt of this court's December 26, 2012,

Opinion and Order (the "Opinion"). The Insureds also seek compensatory and coercive sanctions

against the Insurers. Specifically, the Insureds ask the court to order the Insurers to deposit an

amount equal to one hundred percent of the defense costs incurred to date with the court until the

parties are able to agree on an appropriate allocation of the costs, or the court makes such a

determination, and to pay Insurers' attorneys fees and costs associated with obtaining compliance

with the Opinion. Additionally, the Insureds suggest the court treble both of these amounts as

"coercive" sanctions.

The court finds that the Opinion is neither a judgment nor a definite and specific order, and does not support a finding of contempt. The Insureds' motion for order to show cause why the Insurers' should not be held in contempt of the Opinion is not well taken and is denied.[1]

*Background*

The Insureds filed a third-party complaint against a number of insurance companies, including the Insurers, asserting claims for declaratory relief and breach of contract based on the insurance companies' obligation to defend and indemnify the Insureds with regard to the remediation of the Portland Harbor Superfund Site ("Remediation"). On April 20, 2011, the Insureds filed a motion for summary judgment asking the court to answer the question:

> Did [the Insurers] breach their contractual obligation to defend [the Insureds] under comprehensive general liability insurance polices when they denied the tender of claims asserted against [the Insureds] for alleged environmental liability arising from their predecessor's operation in a segment of the lower Willamette River known as the Portland Harbor Superfund Site?

(Third-Party Pls.' Mot. for Summ. J. at 4, ECF No. 298.) The court addressed the motion in two opinions and resolved the question in the Opinion, finding that the "Insurers have a duty to defend [the Insureds]." *Century Indem. Co. v. The Marine Group*, CV No. 08-1375-AC, Op. at 3, Dec. 26, 2012, ECF No. 452). The Insureds now ask the court to find the Insurers in contempt for failure to participate in the defense of the Remediation on their behalf.

*Discussion*

The Insureds rely primarily on Rule 70 of the Federal Rules of Civil Procedure as authority for finding the Insurers in contempt and requiring the Insurers to deposit an amount equal to the

---

[1]The parties have consented to jurisdiction by magistrate in accordance with 28 U.S.C. § 636(c)(1).

defense costs incurred to date with the court until either the parties agree, or the court determines, the proper allocation for defense costs.  The Insureds also refer to the court's "inherent power to enforce compliance their lawful orders through civil contempt" and 18 U.S.C. § 401 in support of their motion.  (Third-Party Pls.' Mot. for Show Cause at 8, 9 n.4, ECF No. 538.)

I.  Rule 70

Rule 70 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f a judgment requires a party to . . . perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done. . . ."  FED. R. CIV. P. 70(a) (2013).  Under Rule 70(e), the court has the authority to "hold the disobedient party in contempt."

In 1945, the United States Supreme Court clearly stated that "Rule 70 of the Rules of Civil Procedure, which permits the issue of a writ of attachment or sequestration against the property of a disobedient party to compel satisfaction of a judgment, is operative only after a judgment is entered." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 218 (1945).  This restriction on the application of Rule 70 was more recently recognized by the Ninth Circuit in *McCabe v. Arave*, 827 F.2d 634, 639 (9th Cir. 1987), in which the court emphasized that "for a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on."   The Ninth Circuit refused to rely on Rule 70 as authority for contempt or sanctions for failure to timely answer but did consider such action under its inherent power. *Id.* (citing *De Beers*, 325 U.S. at 218).  The court specifically stated that "Federal Rule Civil Procedure 70, however, is operative only when a party refuses to comply with a judgment."  *McCabe*, 872 F.2d at 639.

The Insureds are seeking an order of contempt, with accompanying sanctions, based on the Insurers' failure to comply with a ruling on a summary judgment motion, not a final judgment.  Rule

70 is not applicable to the Opinion.  Accordingly, the Insurers' alleged failure to comply with the Opinion is not sanctionable under Rule 70.

## II.  Inherent Power

Federal courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Go-Video, Inc. v. The Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993).  "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Dyer*, 322 F.3d 1178, 1190-91 (9th Cir. 2003).  The party's violation "need not be willful," and there is no good faith defense to civil contempt. *Go-Video*, 10 F.3d at 695 (quoting *In Re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)).  However, substantial compliance based on a reasonable interpretation of the court order is a defense to civil contempt.  *Id*.  The penalties for civil contempt are designed to compel compliance with the court order or to compensate the contemnor's adversary for any damages resulting from the contemptuous behavior.  *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).

The Ninth Circuit requires that an order be "definite and certain" before it will support a finding of contempt.   The Seventh Circuit has held that a district court "must be able to point to a decree from the court 'which sets forth in specific detail an unequivocal command' which the party in contempt violated." *Stotler & Co. v. Able*, 870.2d 1158, 1163 (7th Cir. 1989); see also *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 461 (7th Cir. 1993)("In order to prevail on a contempt petition, the complaining party must demonstrate by clear and convincing evidence that the respondent has

violated the express and unequivocal command of a court order.").  Similarly, an order requiring certain conduct by a party is an element of civil contempt in the Fifth Circuit.  *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987).

The Opinion, upon which the Insureds rely, is not a specific and definite order of the court. The Opinion merely answers the question posed by the Insureds, finding that the Insurers have a duty to defend the Insureds with regard to the Remediation based on the terms of the policies considered by the court.  It does not order the Insurers to participate or contribute to the defense by a specific date or otherwise set forth in specific detail an unequivocal command to the Insurers.  The Opinion is not an order requiring certain conduct and, therefore, will not support a claim for civil contempt under the court's inherent powers.

III.  18 U.S.C. § 401

18 U.S.C. § 401 provides:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as –

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3)  Disobedience or resistance to its lawful writ, process, order, rule decree, or command.

Section 401 provides authority for the imposition of criminal contempt punishment while 28 U.S.C. § 1826 allows the imposition of civil contempt sanctions for similar conduct.[2]  *United States v. Rose*, 806 F.2d 931, 932 (9th Cir. 1986).  Civil contempt serves to compel compliance with a court

---

[2] 28 U.S.C. § 1826 allows a court to imprison a witness who defies a court order to appear at trial to testify or produce information and is not applicable here.

order entered for the benefit of a party to an action. *Id.*; *Bessette v. W. B. Conkey Co.*, 194 U.S. 324, 328 (1904). On the other hand, criminal contempt power is intended to "vindicate the authority of the court." *Rose*, 806 F.2d at 932. Stated another way, criminal contempt proceedings are "punitive in their nature, and the government, courts, and the people are interested in their prosecution" but civil contempt proceedings are "remedial, and coercive in their nature, and the parties chiefly in interest in their conduct and prosecution are the individuals whose private rights and remedies they were instituted to protect or enforce." *Bessette*, 194 U.S. at 328.

The Insureds, who seek to enforce the Opinion to their benefit, are pursuing civil, not criminal, contempt. Accordingly, § 401 does not apply in this instance. Additionally, the Insureds are not seeking the imprisonment of the Insurers or the payment of a fine[3]. Rather, they are seeking a deposit of incurred defense costs and attorney fees, sanctions § 401 does not afford.

*Conclusion*

The Insureds' motion (#537) for an order finding the Insurers in contempt is DENIED.

DATED this 29th day of October, 2013.

_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge

---

[3]The Insureds' request that the court consider trebling the defense costs and attorney fees as "coercive" sanctions may be considered a request for the imposition of a fine. However, the Insureds specifically represent that they are not "seeking punitive sanctions" against the Insurers, which negates any argument that they are seeking a fine.