**Christopher A. Rycewicz**
**OSB No. 862755**
christopher.rycewicz@millernash.com
**Hong N. Huynh**
**OSB No. 984133**
hong.huynh@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Fax:  (503) 224-0155

> *Attorneys for Defendants and Third-Party*
> *Plaintiffs The Marine Group, LLC,*
> *Northwest Marine, Inc., and Northwest*
> *Marine Iron Works, and Third-Party Plaintiff*
> *BAE Systems San Diego Ship Repair, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CENTURY INDEMNITY COMPANY**, | Case No. 3:08-cv-01375-AC |
| Plaintiff, | DEFENDANTS AND THIRD-PARTY PLAINTIFFS THE MARINE GROUP, LLC, NORTHWEST MARINE, INC., AND NORTHWEST MARINE IRON WORKS AND THIRD-PARTY PLAINTIFF BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC.'S MOTION FOR SANCTIONS STRIKING EXPERT WITNESSES JAMES A. ROBERTSON AND BARRY LAPIDUS |
| v. | |
| **THE MARINE GROUP, LLC**, *et al.*, | |
| Defendants. | |

Page 1 -    Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A.
Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**THE MARINE GROUP, LLC**, *et al.*,

              Third-Party Plaintiffs,      (**<u>Oral Argument Requested</u>**)

     v.

**AGRICULTURAL INSURANCE
COMPANY**, *et al.*,

              Third-Party Defendants.

## <u>LR 7.1 CERTIFICATION</u>

The undersigned certifies that counsel for the parties have conferred in good faith through telephone conferences and other communication but have been unable to resolve the issues in this motion.

## <u>MOTION</u>

Based on this Court's prior orders and the Federal Rules of Civil Procedure, Third-Party Plaintiffs, The Marine Group, LLC ("TMG") Northwest Marine, Inc., Northwest Marine Iron Works ("NWMIW"), and Third-Party Plaintiff BAE Systems San Diego Ship Repair, Inc. ("BAE"), (hereinafter collectively, "TPPs") request this Court:

1.      Enter an order in accordance with Fed. R. Civ. Pro. 37(c)(1) that strikes the expert report of James A. Robertson, bars Mr. Robertson from testifying at trial, and prohibits St. Paul Fire and Marine Insurance Company from offering any expert testimony on the issue of lost policies at trial.  Such a sanction is proper due to St. Paul's failure to properly and timely disclose an expert on this issue as required by Fed. R. Civ. Pro. 26 and this court's Joint Case Management Order, which was entered as Docket Number 644.

2.      Enter an order in accordance with Fed. R. Civ. Pro. 37(b)(2) that strikes the initial and rebuttal expert repots of Barry Lapidus and prohibits Century Indemnity Company from producing expert opinions on the issue of whether TPPs were ever uninsured.  Such a sanction is proper due to Century's failure to properly designate TPPs as a party to which a share

Page 2 -    Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A.
Robertson and Barry Lapidus

70016051.5             **MILLER NASH GRAHAM & DUNN LLP**
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

of the defense costs should be allocated in accordance with this court's Joint Case Management Order, which was entered as Docket Number 607.

In support of its motion, TPPs rely on the following legal memorandum, the supporting declaration of Christopher Rycewicz ("Rycewicz Decl."), and pleadings and documents in the case record.

## LEGAL MEMORANDUM

### I.  BACKGROUND

A.    ST. PAUL'S FAILURE TO PROPERLY DISCLOSE ANY EXPERTS ON LOST POLICY ISSUES.

A primary issue in this case is the existence and terms of various "lost" insurance policies written by St. Paul Fire and Marine Insurance Company.  This issue has been the focus of substantial discussion and discovery between the parties for several years.  The case management ordered entered on February 18, 2015, requires that "[a]ll Identified Parties shall designate any experts on any issues covered by the Joint Case Management Order [607], and serve disclosures on all parties by 3/10/15."  *See* Docket No. 644.  Joint Case Management Order 607 specifically identifies "lost policy issues relating to duty to defend or to reimburse or otherwise pay defense costs between Identified Parties" as an issue for trial.  *See* Docket No. 607.  To comply with the case management order, St. Paul, third-party plaintiffs ("TPPs"), and other insurers served initial expert disclosures on March 10, 2015.

In its disclosure, St. Paul failed to identify an expert to opine on lost-policy issues, and the single expert report that it submitted on March 10, 2015, did not discuss lost-policy issues.  (Rycewicz Decl. ¶ 5, Ex. 1)  On March 10, St. Paul also noted its intention to rely on two expert reports submitted by Century Indemnity Company. Id.  None of the reports submitted by Century provided opinions on the lost-policy issues.  St. Paul failed to make any disclosures, or to offer any expert reports, regarding the issue of lost policies on March 10, 2015. Id.  TPPs were left in the dark as to St. Paul's expert witness evidence on this issue.

Page 3 -    Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A. Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

On April 10, 2015, St. Paul served a 28 page rebuttal expert report, along with numerous exhibits on TPPs.  (Rycewicz Decl. ¶¶ 6-7, Exs. 2-3)  This "rebuttal" report was authored by previously undisclosed expert witness James A. Robertson.  While presented as "rebuttal," the report represents St. Paul's case-in-chief on the lost policy issue for all practical purposes.  As to St. Paul, the lost policy issue is arguably the most important issue in the case.  St. Paul's apparent strategy was to withhold its expert reports until the rebuttal stage so as to flush out TPPs arguments and to deprive TPPs of an equal rebuttal opportunity.

**B.      CENTURY'S FAILURE TO IDENTIFY TPPS AS A PARTY POTENTIALLY FACING DUTY TO DEFEND LIABILITY.**

Given the complex nature of the issues and the number of parties in the case, TPPs believed it was necessary to identify each party who was purported to be responsible for an allocable share of the defense costs early in trial preparation process.  (Rycewicz Decl. ¶8)  Such identification was intended to allow each party to tailor its discovery appropriately and also to ensure that they were able to produce appropriate expert materials.  On October 28, 2014 this court signed a Joint Case Management Order that required each "Identified Party" to "file and serve on all parties a designation of all insurance policies and all parties they contend must participate in the duty to defend, have an obligation to reimburse or otherwise pay defense costs, or which any Identified Party believes should otherwise be allocated a share of defense costs on or before December 19, 2014."  *See* Docket No. 607.  Century Indemnity Company was listed as an Identified Party on the order.  Id.

In accordance with this requirement, Century served a "Disclosure of Necessary Parties and Policies Re: the Duty to Defend" on December 19, 2014.  (Rycewicz Decl. ¶ 9, Ex. 4)  This document did not list any of the TPPs as being potentially liable for an allocable share to the defense costs. Id.  Prior to this disclosure, TPPs were concerned that Century might list TPPs as being liable for a share of the defense costs based on a theory that TPPs were uninsured from 1982 to 1985 under Oregon Revised Statute 465.480. (Rycewicz Decl. ¶ 10)  The only Identified

Page 4 -      Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A.
                 Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Party to list TPPs in their December 19 disclosure was St. Paul.  (Rycewicz Decl. ¶ 11)

Conversations between counsel for TPPs and counsel for St. Paul revealed that St. Paul only

listed TPPs because it believed that if TPPs were unable to prove the existence and terms of one

of the "lost policies" then TPPs would be "uninsured" and could be allocated a share of the

defense costs.  Id.  St. Paul did not indicate it would assert that TPPs were "uninsured" under the

Century policies.  Id.

       Given that Century did not identify TPPs as responsible for an allocable share,

and that St. Paul included TPPs for an entirely different reason, TPPs proceeded with the

understanding that the issue of being uninsured after 1982 was not going to be raised.  (Rycewicz

Decl. ¶ 12)

       As required by the Joint Case Management Order (Docket 644), Century

designated its experts and served initial reports on March 10, 2015.  (Rycewicz Decl. ¶ 13-4,

Ex. 5-6)  One of the experts disclosed was Barry Lapidus.  Mr. Lapidus was retained by Century

to analyze the 1982 to 1985 policies and to provide his opinions on the following two questions:

> "Do any of these polices represent NW Marine's participation in a self-
> insurance program?
>
> Was pollution liability for sudden and accidental occurrences available
> from the commercial insurance market during the period these policies were in
> force?" (Rycewicz Decl. ¶ 13, Ex. 5)

The primary reason these questions are relevant is to determine whether or not TPPs were

"uninsured" within the meaning of Oregon Revised Statute 465.480.  Under Oregon law,

an "uninsured" can be allocated a share of the defense costs.  Based on this report, it is

clear that Century has changed its position and is not seeking to allocate costs to TPPs.

       TPPs were not "uninsured" post 1982, but because of the risk of the

argument being made, it requested the December 19 designations be made so that it could

determine if the issue would be raised.  The issue was not raised, and as a result TPPs did

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

not take the same steps they would have taken to obtain expert evidence on the issue.

(Rycewicz Decl. ¶11)

## II.  <u>LEGAL ARGUMENT</u>

### A.    TIMING, CONTENT, AND APPROPRIATENESS OF INITIAL AND REBUTTAL EXPERT DISCLOSURES.

Each party is required to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  A party is to make its initial disclosure "based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E).  These rules are intended to facilitate fair and efficient use of expert testimony, and to prevent one side from surprising another with undisclosed information.

When a party fails to properly disclose experts, the noncompliant party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The Advisory Committee Notes for the 1993 amendment that established this language acknowledges that the rule creates "a self-executing sanction for failure to make a disclosure required by Rule 26(a)."  Rule 37 is a strict rule that prevents parties from gaining an advantage from less-than-forthright expert disclosures.  Both the Ninth Circuit and the Oregon District Court have acknowledged that it is proper to strike expert testimony when a party has failed to properly follow the trial court's expert disclosure calendar.  <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1107 (9th Cir. 2001); <u>Pickens v. United States</u>, 750 F. Supp. 2d 1243, 1249 (D. Or. 2010).

Parties are permitted to submit rebuttal expert reports and disclosures so long as they are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii).  Rebuttal reports serve a very limited function of allowing a party to refute "new unforeseen facts brought out in the other side's case." <u>R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.</u>, No. 2:09-cv-01749-LRH-LRL, 2011 WL 2923703, at *2

70016051.5

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

(D. Nev. July 18, 2011) (internal quotation marks and citations omitted).  A rebuttal report is improper if the purpose is to "contradict an expected and anticipated portion of the other party's case-in-chief." Id. (internal quotation marks and citations omitted).  Similarly, a rebuttal expert report is not the proper place for presenting new arguments. Id. at *3.  As the Eighth Circuit has acknowledged, "[r]ebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief." Cates v. Sears, Roebuck & Co., 928 F.2d 679, 685 (5th Cir. 1991).  In the present case, the lost-policy issues are part of the case-in-chief and something that should have been addressed in the initial expert reports.  The rebuttal stage is not the proper time for a litigant to introduce its entire arsenal of expert testimony on a major issue for trial.  While Mr. Robertson and St. Paul routinely assert that the report is rebutting opposing experts, this is merely window dressing added to a report that is intended to put forward the insurer's case-in-chief on the lost policy issues.

Given the centrality of the lost-policy issues, addressing them entirely as "rebuttal" is improper.  Given that St. Paul proposed the March 10 disclosure date, and that it has understood the importance of the lost-policy issues for years, its decision to withhold its expert opinions until the rebuttal stage appears to be a deliberate trial strategy.  Such a strategy is attractive because by waiting until the rebuttal stage to submit its expert reports, St. Paul was able to tailor its initial report to the facts and arguments asserted by TPPs. In other words, St. Paul obtained a clear advantage by flushing out TPPs arguments and evidence prior to submitting their reports.  Courts have recognized the inappropriateness of a party's submitting what properly is an initial expert report as a "rebuttal" report to foreclose the opposing party's right to submit rebuttals on that issue. See Vu v. McNeil-PPC, Inc., No. CV 091-656 ODW (RZx), 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010) (finding that submitting expert reports as rebuttal evidence to prevent the other party from being able to rebut the reports is "a hornbook example of sandbagging, a litigation tactic this Court will not tolerate"); AZ Holding, L.L.C. v. Frederick, No. CV-08-0276-PHX-LOA, 2009 WL 2432745, at *6 (D. Ariz. Aug. 10, 2009)

Page 7 -    Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A. Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

(defendants sanctioned for violating "the letter and spirit of the scheduling order" by designating reports on primary issues as rebuttal).  TPPs cannot think of any justifiable reason why an expert report regarding the lost-policy issues was not disclosed by St. Paul during the initial stage of disclosures.

**B.      ST. PAUL SHOULD BE AUTOMATICALLY SANCTIONED UNLESS IT CAN SHOW SUBSTANTIAL JUSTIFICATION OR HARMLESSNESS.**

As discussed above, Rule 37 creates a self-executing sanction for failure to make a disclosure required by Rule 26(a).  District courts are given "particularly wide latitude" to issue sanctions under Rule 37 for failures to properly disclose expert reports.  Yeti by Molly, 259 F.3d at 1106.  A Rule 37 sanction may be proper "even when a litigant's entire cause of action or defense has been precluded." Id. (citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001)).

To ameliorate the harshness of these automatic sanctions, the rule includes two express exemptions that allow evidence to be "introduced if the parties' failure to disclose the required information is substantially justified or harmless."  Yeti by Molly, 259 F.3d at 1106.  The burden of proving substantial justification or harmlessness is on the party facing sanction.  Id.; Pickens, 750 F. Supp. 2d at 1249 (finding that "[i]t is the obligation of the party facing sanctions to show that its failure to comply with Rule 26(a)(2) was either substantially justified or harmless").

**1.      St. Paul has no justification for not designating experts and providing reports on lost-policy-issues.**

Given that St. Paul led the effort to move the expert disclosure deadline from February 23 to March 10, that it has understood the importance of the lost-policy issue for years, and that it has not yet asserted any reason why it could not address these issues by March 10, there is no justification for St. Paul's not having disclosed expert reports on this topic.  The only apparent rationale for not producing such a report appears to be a deliberate trial strategy to flush

Page 8 -      Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A. Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

out and take on TPPs' experts on uneven ground.  One district court has labeled this tactic as "a hornbook example of sandbagging" that cannot be tolerated.  Vu, 2010 WL 2179882, at *3. When a party takes actions to gain an advantage by improperly limiting the information available to opposing counsel, the party lacks substantial justification for its actions.

**2.    St. Paul's failure to properly designate lost-policy experts has caused TPPs significant harm.**

By waiting until the rebuttal stage to disclose, St. Paul has unilaterally given itself the clear advantage of fully analyzing TPPs reports prior to their own submissions.  St. Paul's failure to provide an initial report gives it the ability to cherry-pick its arguments, and also withhold a full analysis of the issue that would typically be seen in an initial expert report.  The purpose of initial simultaneous disclosures is that it requires both sides to put forward their full, frank, and best arguments from the outset, which includes analysis of areas where a party might believe it has weaknesses.  Initial disclosures are not to be tainted by each side taking pot-shots or trying to deconstruct the other side's analysis.  After an initial full and frank disclosure on the chief issues in the case, opposing parties may then respond to surprises in the other parties' submission.  Instead of providing a full analysis of the issue from its perspective, St. Paul has unilaterally and improperly allowed itself to simply attack TPPs expert's analysis, without ever having to give a full and frank analysis of the issue.  TPPs are harmed because St. Paul was provided foresight into the thoughts of the opposing experts that TPPs were never provided.  In other words, St. Paul is playing after already seeing TPPs hand. This has undoubtedly harmed TPPs.

Furthermore, St. Paul has deprived TPPs of an equal opportunity to present rebuttal expert opinions to counter St. Paul's allegations.  Thus, TPPs have been harmed by this strategy because St. Paul had an earlier opportunity to attack TPPs' experts at this time, but TPPs are not given a similar opportunity.  Unless St. Paul's violation is properly sanctioned, TPPs will

Page 9 -    Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A. Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

be harmed. Since St. Paul's actions were not justified and since TPPs have been harmed by them, striking the Robertson report is proper.

**C.     CENTURY FAILED TO COMPLY WITH A COURT ORDER, AND SHOULD BE BARRED FROM BENEFITTING FROM ITS UNJUSTIFIED FAILURE.**

      This court required each party to designate those entities it believed should be allocated a share of the defense costs on or before December 19, 2014.  *See* Docket No. 607. Century failed to designate TPPs and now seeks to allocate TPPs a share of the defense costs liability.  Century has failed to follow this Courts order.  (Rycewicz Decl. ¶ 9, Ex. 4)  The Federal Rules provide the district courts a wide range of sanctions where a party fails to comply with a discovery order. *See* Fed. R. Civ. Pro. 37(b)(2).  Notably, this includes "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. Pro. 37(b)(2)(ii).  Here, the Court ordered Century to designate the parties it believed should be allocated a share of the defense costs.  Century then submitted to TPPs a signed pleading that unambiguously communicated to TPPs that Century was not going to attempt to shift a share of the defense costs onto TPPs. (Rycewicz Decl. ¶ 9, Ex. 4)  TPPs relied on Century's designation in determining what expert opinions to put forward in this case.  (Rycewicz Decl. ¶ 12)

      After making this representation, Century did an about-face by submitting the expert reports of Barry Lapidus which clearly are intended to support the argument that TPPs were uninsured during the 1982 to 1985 period in which Century insured NWMIW.  From a pragmatic stance, Century is asserting claims after certifying in writing to TPPs that no such claims would be asserted.  This tactic has given Century greater time to address this issue, allowed it to fill the record with expert opinions while TPPs stood idle, and ultimately has prejudiced TPPs.  TPPs have simply not had the same time to research the issue or obtain expert assistance in proving its case, and the only reason for this discrepancy is that Century represented to TPPs that this issue would not be raised.  Such a clear violation of a court order must have

Page 10 -     Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A. Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

consequences.  Rule 37 notes that where a party fails to comply it is proper to prohibit it from "supporting or opposing designated claims or defenses, or from introducing designated matters into evidence."  Based on Century's failure to designate TPPs, it should be prohibited from entering into evidence expert materials, including the Lapidus reports, that serve to support the claims that Century failed to properly designate.

## III.  CONCLUSION

As to the lost-policy issues, St. Paul has failed to make proper expert disclosures at the time ordered by this court and on the information reasonably available to it.  St. Paul's actions are not justified, and are simply an attempt to game the rules in its favor.  For these reasons, TPPs request this court to sanction St. Paul by striking the report of James A. Robertson and prohibit St. Paul from relying on or submitting any additional expert testimony, reports, or evidence on the issue of lost policies.

Similarly, TPPs request this court to strike the reports of Barry Lapidus based on Century's failure to designate TPPs as a party to which a share of the defense costs should be allocated as ordered by this court.  Since Century represented to TPPs that they would not assert

Page 11 -    Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A. Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

claims that TPPs should bear a share of the costs, Century should be barred from offering any

evidence for the purpose of showing that a share of the costs should be allocated to TPPs.

DATED this 30th day of April, 2015.

MILLER NASH GRAHAM & DUNN LLP


*/s/Christopher A. Rycewicz*
Christopher A. Rycewicz, OSB No. 862755
christopher.rycewicz@millernash.com
Hong N. Huynh, OSB No. 984133
hong.huynh@millernash.com
Telephone:  (503) 224-5858
Fax:  (503) 224-0155

> *Attorneys for Defendants and Third-Party
> Plaintiffs The Marine Group, LLC, Northwest
> Marine, Inc., and Northwest Marine Iron
> Works, and Third-Party Plaintiff BAE Systems
> San Diego Ship Repair, Inc.*

Page 12 -   Defendants and TPPs Motion for Sanctions Striking Expert Witnesses James A.
Robertson and Barry Lapidus

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

I hereby certify that I served the foregoing defendants and third-party plaintiffs
The Marine Group, LLC, Northwest Marine, Inc., and Northwest Marine Iron Works and third-
party plaintiff BAE Systems San Diego Ship Repair, Inc.'s motion for sanctions striking expert
witnesses James A. Robertson and Barry Lapidus on:

Mr. R. Lind Stapley
E-mail:  stapley@sohalang.com
Mr. Geoffrey Bedell
E-mail:  bedell@sohalang.com
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, Washington  98101-2570
Phone:  (206) 624-1800
Fax:  (206) 624-3585

>    *Attorneys for Plaintiff Century*
>    *Indemnity Company, Third-Party*
>    *Defendant Insurance Company of North*
>    *America, and Counterdefendant Century*
>    *Indemnity Company*

Mr. William G. Earle
E-mail:  wearle@davisrothwell.com
Mr. Jonathan Henderson
E-mail:  jhenderson@davisrothwell.com
Davis Rothwell Earle & Xóchihua P.C.
2700 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204-3650
Phone:  (503) 222-4422
Fax:  (503) 222-4428

>    *Attorneys for Plaintiff Century Indemnity*
>    *Company, Third-Party Defendant*
>    *Insurance Company of North America,*
>    *and Counterdefendant Century*
>    *Indemnity Company*

Mr. Justin S. Landreth
E-mail:  jlandreth@selmanbreitman.com
Selman Breitman LLP
500 Union Street, Suite 645
Seattle, Washington  98101
Phone:  (206) 447-6461
Fax:  (206) 223-4021

>    *Attorney for Third-Party Defendant*
>    *Federal Insurance Company*

Mr. Michael D. Compean
E-mail:  mcompean@blackcompeanhall.com
Black, Compean & Hall, LLP
6300 Canoga Avenue, Suite 570
Woodland Hills, California  91367
Phone:  (818) 883-9500
Fax:  (888) 704-6023

>    *Attorneys for Intervenor Argonaut*
>    *Insurance Company*

Page 1 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Mr. Thomas M. Jones
E-mail:  tjones@cozen.com
Ms. Jodi A. McDougall
E-mail:  jmcdougall@cozen.com
Ms. Molly Siebert Eckman
E-mail:  meckman@cozen.com
Cozen O'Connor
999 Third Avenue, Suite 1900
Seattle, Washington  98104
Phone:  (206) 340-1000
Fax:  (206) 621-8783

>*Attorneys for Third-Party Defendants*
>*Chicago Insurance Company and*
>*Arrowood Indemnity Company f/k/a*
>*Royal Indemnity Company*

Mr. James P. Murphy
E-mail:  jpm@maflegal.com
Murphy Armstrong & Felton, LLP
701 Millennium Tower
719 Second Avenue
Seattle, Washington  98104
Phone:  (206) 985-9770
Fax:  (206) 985-9790

>*Attorney for Third-Party Defendants*
>*Agricultural Insurance Company and*
>*Agricultural Excess and Surplus*
>*Insurance Company*

Mr. Kenneth H. Sumner
E-mail:  ksumner@spcclaw.com
Sinnott, Puebla, Campagne & Curet, APLC
Two Embarcadero Center, Suite 1410
San Francisco, California  94111-3910
Phone:  (415) 352-6200
Fax:  (415) 352-6224

>*Attorney for Third-Party Defendants*
>*Granite State Insurance Company,*
>*Insurance Company of the State of*
>*Pennsylvania, and National Union Fire*
>*Insurance Company of Pittsburgh PA*

Ms. Margaret M. Van Valkenburg
E-mail:  megge.vanvalkenburg@bullivant.com
Mr. Andrew E. Passmore
E-mail:  drew.passmore@bullivant.com
Mr. Ronald J. Clark
E-mail:  ron.clark@bullivant.com
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon  97204-2089
Phone:  (503) 228-6351
Fax:  (503) 295-0915

>*Attorney for Third-Party Defendants*
>*Employers Mutual Casualty Company,*
>*Pacific Mutual Marine Office, Inc., and*
>*West Coast Marine Managers, Inc.*

Mr. Lawrence Gottlieb
E-mail:  lgottlieb@bpmlaw.com
Betts Patterson & Mines PS
One Convention Place
701 Pike Street, Suite 1400
Seattle, Washington  98101
Phone:  (206) 268-8613
Fax:  (206) 343-7053

>*Attorney for Third-Party Defendant*
>*Continental Insurance Company*

Mr. Thomas W. Brown
E-mail:  tbrown@cosgravelaw.com
Cosgrave Vergeer Kester LLP
888 S.W. Fifth Avenue, Suite 500
Portland, Oregon  97204
Phone:  (503) 323-9000
Fax:  (503) 323-9019

>*Attorney for Third-Party Defendants*
>*Granite State Insurance Company,*
>*Insurance Company of the State of*
>*Pennsylvania, and National Union Fire*
>*Insurance Company of Pittsburgh PA*

Page 2 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Mr. Wayne S. Karbal
E-mail:  wkarbal@karballaw.com
Phone:  (312) 431-3610
Mr. Alan M. Posner
E-mail:  aposner@karballaw.com
Phone:  (312) 431-3632
Karbal Cohen Economou Silk & Dunne, LLC
150 S. Wacker Drive, Suite 1700
Chicago, Illinois  60606
Fax:  (312) 431-3670

     *Attorneys for Third-Party Defendants*
     *Hartford Fire Insurance Company, New*
     *England Reinsurance Corporation, and*
     *Twin City Fire Insurance Company*

Mr. John P. Hayes
E-mail:  jhayes@forsberg-umlauf.com
Mr. Charles E. Albertson
E-mail:  calbertson@forsberg-umlauf.com
Mr. Carl E. Forsberg
E-mail:  cforsberg@forsberg-umlauf.com
Forsberg & Umlauf, P.S.
901 Fifth Avenue, Suite 1400
Seattle, Washington  98164-2047
Phone:  (206) 689-8500
Fax:  (206) 689-8501

     *Attorneys for Third-Party Defendants*
     *Certain Underwriters at Lloyd's,*
     *London, and Certain London Market*
     *Insurance Companies*

Mr. Jordan R. Silk
E-mail:  jsilk@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suite 1900
Portland, Oregon  97204
Phone:  (503) 222-9981
Fax:  (503) 796-2900

     *Attorney for Third-Party Defendant Old*
     *Republic Insurance Company*

Mr. Damon L. Henrie
E-mail:  dhenrie@henriesmith.com
Ms. Katharine L. Smith
E-mail:  ksmith@henriesmith.com
Henrie & Smith, LLP
15455 N.W. Greenbrier Parkway, Suite 125
Beaverton, Oregon  97006
Phone:  (503) 593-8548
Fax:  (503) 214-8001

     *Attorneys for Third-Party Defendants*
     *Hartford Insurance Company, New*
     *England Reinsurance Corporation, and*
     *Twin City Fire Insurance Company*

Mr. Mark D. Paulson
E-mail:  mpaulson@clausen.com
Phone:  (312) 606-7751
Ms. Amy Rich Paulus
E-mail:  apaulus@clausen.com
Phone:  (312) 606-7848
Clausen Miller P.C.
10 South LaSalle Street
Chicago, Illinois  60603
Fax:  (312) 606-7777

     *Attorneys for Third-Party Defendant Old*
     *Republic Insurance Company*

Mr. Peter J. Mintzer
E-mail:  pmintzer@ckbllp.com
Chamberlin Keaster & Brockman, LLP
500 Union Street, Suite 645
Seattle, Washington  98101
Phone:  (206) 447-6461
Fax:  (206) 223-4021

     *Attorney for Third-Party Defendant*
     *Federal Insurance Company*

Page 3 -     Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Mr. Thomas A. Gordon
E-mail:  tgordon@gordon-polscer.com
Mr. Andrew S. Moses
E-mail:  amoses@gordon-polscer.com
Gordon & Polscer, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, Oregon  97225
Phone:  (503) 242-2922
Fax:  (503) 242-1264

> *Attorneys for Third-Party Defendant*
> *St. Paul Fire and Marine Insurance*
> *Company*

Mr. Jay W. Beattie
E-mail:  jbeattie@lindsayhart.com
Lindsay, Hart, Neil & Weigler, LLP
1300 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97201-5640
Phone:  (503) 226-7677
Fax:  (503) 226-7697

> *Attorney for Intervenor Argonaut*
> *Insurance Company*

Mr. John M. Woods
E-mail:  john.woods@clydeco.us
Mr. George Cornell
E-mail:  george.cornell@clydeco.us
Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
Phone:  (212) 710-3900
Fax:  (212) 710-3950

> *Attorneys for Third-Party Defendant*
> *Water Quality Insurance Syndicate*

Mr. Gary V. Abbott
E-mail:  gabbott@abbott-law.com
Ms. Klarice A. Benn
E-mail:  kbenn@abbott-law.com
Abbott Law Group, P.C.
215 S.W. Washington Street, Suite 300
Portland, Oregon  97204
Phone:  (503) 595-9510
Fax:  (503) 595-9519

> *Attorneys for Third-Party Defendant*
> *American Centennial Insurance*
> *Company*

Mr. C. Kent Roberts
E-mail:  ckroberts@schwabe.com
Mr. Brien J. Flanagan
E-mail:  bflanagan@schwabe.com
Ms. Anna Helton
E-mail:  ahelton@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suite 1900
Portland, Oregon  97204
Phone:  (503) 222-9981
Fax:  (503) 796-2900

> *Attorneys for Third-Party Defendant*
> *Water Quality Insurance Syndicate*

Mr. Jeffrey V. Hill
E-mail:  jhill@hill-lamb.com
Hill & Lamb LLP
Attorneys at Law
1000 S.W. Broadway, Suite 1780
Portland, Oregon  97205
Phone:  (503) 417-1104
Fax:  (971) 373-8801

> *Attorney for Intervenor Argonaut*
> *Insurance Company*

Page 4 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Mr. Edward B. Parks, II
E-mail:  eparks@goodwin.com
Ms. Michele L. Backus
E-mail:  mbackus@goodwin.com
Mr. James P. Ruggeri
E-mail:  jruggeri@goodwin.com
Mr. Gregory L. Mokodean
E-mail:  gmokodean@goodwin.com
Mr. Joshua D. Weinberg
E-mail:  jweinberg@goodwin.com
Shipman & Goodwin LLP
1875 K Street N.W., Suite 600
Washington, District of Columbia  20006
Phone:  (202) 469-7750
Fax:  (202) 469-7751

    *Attorneys for Third-Party Defendants*
    *Agricultural Insurance Company and*
    *Agricultural Excess and Surplus*
    *Insurance Company*

Ms. Stephanie M. Parent
E-mail:  Stephanie.m.parent@doj.state.or.us
Oregon Department of Justice
Special Litigation Unit
1515 S.W. Fifth Avenue, No. 410
Portland, Oregon  97201
Phone:  (971) 673-1880
Fax:  (971) 673-5000

    *Attorney for Intervenor State of*
    *Oregon/Attorney General*

Mr. Ira Revich
E-mail:  irevich@crwllp.com
Charlston, Revich & Wollitz LLP
1925 Century Park East, Suite 1250
Los Angeles, California  90067-2746
Phone:  (310) 551-7020
Fax:  (310) 203-9321

    *Attorney for Third-Party Defendant*
    *American Manufacturer's Mutual*
    *Insurance Company*

Mr. Robert A. Kole
E-mail:  rkole@choate.com
Choate, Hall & Stewart LLP
Two International Place
100-150 Oliver Street
Boston, Massachusetts  02110
Phone:  (617) 248-2121
Fax:  (857) 241-2121

    *Attorneys for Third-Party Defendant*
    *St. Paul Fire and Marine Insurance*
    *Company*

by the following indicated method or methods on the date set forth below:

☒    **CM/ECF system transmission.**

**E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

**Facsimile communication device.**

Page 5 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**First-class mail, postage prepaid, and e-mail**

**Hand-delivery.**

**Overnight courier, delivery prepaid.**

DATED this 30th day of April, 2015.

/s/Christopher A. Rycewicz
Christopher A. Rycewicz
OSB No. 862755
Hong N. Huynh
OSB No. 984133

*Attorneys for Defendants and Third-Party*
*Plaintiffs The Marine Group, LLC,*
*Northwest Marine, Inc., and Northwest*
*Marine Iron Works, and Third-Party*
*Plaintiff BAE San Diego Ship Repair, Inc.*

70016051.5

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204