UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CENTURY INDEMNITY COMPANY, a Pennsylvania Corporation,

Plaintiff,

v.

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive Oregon corporation,

Defendants.

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest

Case No.: 3:08-CV-1375-AC

OPINION AND ORDER

Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive Oregon corporation; and BAE SAN DIEGO SHIP REPAIR, INC., a California corporation,

Third-Party Plaintiffs,

v

AGRICULTURAL INSURANCE COMPANY and AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, each an Ohio corporation; AMERICAN CENTENNIAL INSURANCE COMPANY, a Delaware corporation; CHICAGO INSURANCE COMPANY, an Illinois corporation; CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation; HARTFORD INSURANCE COMPANY, a Connecticut corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a New Jersey corporation; INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and CERTAIN LONDON MARKET INSURANCE COMPANIES, each a foreign corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; NEW ENGLAND REINSURANCE COMPANY, a Connecticut corporation; OLD REPUBLIC INSURANCE COMPANY, an Illinois corporation; PACIFIC MUTUAL MARINE OFFICE INC., a New York corporation; RELIANCE INSURANCE COMPANY, a

Pennsylvania corporation; ROYAL INDEMNITY COMPANY, a Delaware corporation; ST. PAUL FIRE & MARINE INSURANCE COMPANY, individually and as successor to ST. PAUL MERCURY INDEMNITY COMPANY, a Minnesota corporation; TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation; WATER QUALITY INSURANCE SYNDICATE, a syndicate of foreign corporations; WEST COAST MARINE MANAGERS, INC., a New York corporation; AMERICAN MANUFACTURER'S MUTUAL INSURANCE COMPANY, an Illinois corporation; DANIELSON NATIONAL INSURANCE COMPANY, successor to MISSION NATIONAL INSURANCE COMPANY, a California corporation; FM GLOBAL INSURANCE AGENCY, successor to ARKWRIGHT BOSTON MANUFACTURER'S MUTUAL INSURANCE COMPANY, a Delaware corporation; STERLING CASUALTY INSURANCE COMPANY, successor to NATIONAL AUTOMOBILE AND CASUALTY COMPANY, a California corporation; and JOHN DOE INSURANCE COMPANIES,

Third-Party Defendants.

---

ACOSTA, Magistrate Judge:

*Introduction*

Currently pending before the court are numerous summary judgment motions addressing insurers duty to participate in the defense of their insureds with regard to the remediation of the Portland Harbor Superfund Site. Various insurers have requested the court take judicial notice of identified documents in support of their motions for partial summary judgment or opposition to a

motion for summary judgment.

Specifically, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") asks the court to take judicial notice of the Complaint for Declaratory Judgment filed by Century Indemnity Company on November 21, 2008, initiating this action (the "Complaint"); the Second Amended Answer and Third-Party Complaint filed by The Marine Group, LLC, Northwest Marine, Inc., Northwest Marine Iron Works, and BAE Systems San Diego Ship Repair, Inc. (the "Marine Group"), on February 1, 2010 (the "Third-Party Complaint"); and the Answer to the Third-Party Complaint filed by Argonaut Insurance Company on October 8, 2010 (the "Answer"), in support of its motion for partial summary judgment. Granite State Insurance Company ("Granite State") and Insurance Company of the State of Pennsylvania ("ICOSP") also seek judicial notice of the Complaint in support of their respective motions for partial summary judgment. ICOSP additionally asks the court to take judicial notice of the unpublished Order Granting TIG Insurance Company's Motion for Partial Summary Judgment Regarding Exhaustion of Underlying Indemnity Limits entered by the Circuit Court of the State of Oregon for the County of Multnomah on October 13, 2014, in *Allianz Global Risks US Ins. Co. v. Ace Property & Casualty Ins. Co.*, No. 1203-04552 (the "Order") in support of its motion for partial summary judgment. Finally, National Union seeks judicial notice of the Portland Harbor Natural Resource Trustee Council Fact Sheet available through the United States Fish and Wildlife Service website (the "Fact Sheet") in support of its opposition to the Marine Group's motion for summary judgment. No objections to the requests for judicial notice have been filed.

*Legal Standard*

Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of a fact

"that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determination from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201 (2015). Courts readily take judicial notice of "undisputed matters of public record" and "documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126,1132 (9th Cir. 2012).

*Discussion*

I. The Complaint, Third-Party Complaint, and Answer

National Union, Granite State, and ICSOP seek judicial notice of the Complaint while National Union seeks judicial notice of the Third-Party Complaint and Answer as well. Documents previously filed with the court in the instant litigation are subject to judicial notice. *See Asdar Group v. Pillsbury, Madison and Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996)(taking judicial notice of facts contained in complaint and prior court orders in case). However, the court may not judicially notice the truth of the disputed facts contained in such document. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

National Union, Granite State, and ICSOP rely on paragraphs 5 and 6 of the Complaint as evidentiary support for general background information relative to this action. As the Marine Group admits the general background facts relied on by National Union, Granite State, and ICSOP, the court may take judicial notice of these facts. The court will also take judicial notice of the Complaint, Third-Party Complaint, and Answer[1] in their entirety, but will not treat the allegations contained therein as established facts in the absence of similar admissions.

---

[1]It is unclear why National Union seeks judicial notice of the Third-Party Complaint and the Answer as it has not referred to them in its summary judgment briefing.

II. The Order

ICSOP asks the court to take judicial notice of the Order in which the state court found that "[b]efore there is any potential for indemnity coverage under the Moving Defendants' policies for the Underlying Environmental Claims . . . , Allianz must prove exhaustion of the Insured's retained limits and indemnity limits of liability of all triggered insurance policies in all years of responsive coverage with limits of liability less than the attachment points of the respective Moving Defendants' policies" (Order at 1-2.) A court may take judicial notice of complaints, briefs, and opinions filed in another case to determine what issues were before that court and were actually litigated. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). However, a court may not take judicial notice of facts presented in those documents or in court opinions for the purpose of considering those facts to be established in the case currently before them. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003)(citing *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983)("As a general rule, a court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause before them.")).

The Order is undeniably a matter of public record appropriate for consideration by the court for the limited purpose of determining the issues before, and ruling by, the state court. However, the terms of the insurance policies at issue in the state court action were not identified in the Order, preventing this court from considering the ruling anything other than a general statement of law. The court will take judicial notice of the Order to this limited extent.

III. The Fact Sheet

The Fact Sheet describes the purpose of the Portland Harbor Natural Resource Trustee

Council (the "Council"), identifies the current trustees serving on the Council, and summarizes the legal authority of the Council. Government-agency websites, and the information contained therein, are matters of public record appropriate for judicial notice under Rule 201. *Molina v. Washington Mut. Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *3 (S.D. Cal. Jan. 29, 2010) ("Information on government agency websites has often been treated as properly subject to judicial notice.") The Fact Sheet, a page from the United States Fish and Wildlife Service website, is a public record appropriate for judicial notice.

*Conclusion*

National Union's requests (# 671 and # 762), Granite State's request (#674), and ICSOP's request (#686) for judicial notice are granted. The court will consider the documents, where relevant, in ruling on the parties respective motions for summary judgment.

DATED this 31st day of August, 2015.

JOHN V. ACOSTA
United States Magistrate Judge

 *{SIB}*