IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CENTURY INDEMNITY COMPANY, a Pennsylvania Corporation,

Plaintiff,

v.

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; et al.,

Defendants.

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; et al.,

Third-Party Plaintiffs,

v.

AGRICULTURAL INSURANCE COMPANY and AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, each an Ohio Corporation,

Third-Party Defendants.

3:08-cv-1375-AC

OPINION AND ORDER

**ACOSTA, Magistrate Judge:**

*Introduction*

This lawsuit concerns the alleged obligations of numerous insurance companies to defend and indemnify third-party plaintiffs The Marine Group, LLC; Northwest Marine, Inc.; Northwest Marine Iron Works; and BAE Systems San Diego Shop Repair, Inc. ("Third-Party Plaintiffs"); for costs incurred in connection with the assessment, removal, and remediation of hazardous materials released at the Portland Harbor Superfund Site. Phase I of trial in this case is scheduled to occur in November 2015. The Phase I trial will resolve each identified party's duty to defend. To determine each party's duty to defend the court must identify specific insurance policies, construct lost policies and construe their terms, fix the time period for which each policy provided coverage, establish the existence and applicability of exclusions, and determine the obligations of excess and umbrella insurers.

In accordance with the court's prior scheduling orders, the parties identified expert witnesses, exchanged expert witness reports, and deposed experts regarding the Phase I Trial issues. Thereafter, Third-Party Plaintiffs and four insurers – Granite State Insurance Company, Insurance Company of the State of Pennsylvania ("ICSOP"), Century Indemnity, and St. Paul Fire & Marine Insurance Company – each filed motions to exclude some or all of one or more expert witness's testimony. Collectively, the motions put in issue the testimony of five expert witnesses: Dennis Connolly, Robert Hughes, Barry Lapidus, James Robertson, and Allan Windt.

\\\\\

\\\\\

This opinion and order resolves the pending motion to strike the testimony of expert witness Allan Windt. The specific motion is Third-Party Plaintiffs' Motion to Strike Expert Report of Allan Windt (Dkt. No. 714).[1] The motion is **GRANTED.**

*Discussion*

Granite State and ICSOP hired Windt to provide rebuttal expert opinion to the expert opinion of Third-Party Plaintiffs' expert Robert Hughes.[2] Third-Party Plaintiffs ask the court to strike Windt's report and preclude him from testifying at trial because "Mr. Windt's expert report is a legal analysis of the ICSOP and Granite State policies, followed by a legal conclusion on the ultimate issue of whether or not either insurer owes TPPs a duty to defend in this case." (*See* Dkt. No. 714, at p. 3.) Granite State and ICSOP do not argue Windt's report is proper expert testimony. Instead they respond that Windt's report is "virtually identical" to Hughes's report in its content and conclusions; thus, if Windt's report is excluded, then Hughes's report also must be excluded. (*See* Dkt. 735, at pp. 2-3.)

Expert testimony is admissible if it "will help the trier of fact to understand the evidence or determine a fact in issue[.]" FED. R. EVID. 702(a). Thus, for example, expert testimony usually is admitted – and sometimes necessary – in cases involving claims of professional negligence, product defect, and business interruption damages, to prepare the jury to

---

[1] The court has issued an opinion (Dkt. No. 818) which resolved one other motion (Dkt. No. 705), and it will resolve the remaining pending motions to strike or exclude expert witnesses (Dkt. Nos. 681, 683, and 709), in a separate opinion.

[2] Windt's report, however also includes references to the report of Third-Party Plaintiffs' other expert, Dennis Connolly, and contests his opinions as well as Hughes's.

knowledgeably evaluate a party's actions against an applicable standard of care, to aid the jury's understanding of engineering data, and to help the jury evaluate complex financial records. But experts may not give opinions on legal questions:

> As a general rule, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal citations and quotation marks omitted); *see also* Fed. R. Evid. 702 (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue").

*Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (italics in original). "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir.1993) (internal quotation marks omitted).

The court's task at Phase I trial is contract interpretation, which is a question of law for the court to decide. Specifically, the court will decide the legal question whether any of the insurance policies at issue obligate one or more of the insurers to provide a defense to Third-Party Plaintiffs in the underlying Portland Harbor Superfund Site litigation. In this context the question Third-Party Plaintiffs' motion raises is whether under Rule 702 Windt's expert report contains opinion that will aid the court's understanding of any fact at issue. It does not.

Windt's 17-page report sets forth the law pertaining to excess insurance and the duty to defend, a discussion distilled from sections of the most recent edition of his insurance law treatise, Windt, *Insurance Claims and Disputes* (West 2013). In his report Windt cites his book

more than 30 times and includes dozens of case citations and extensive discussions of cases; the report's occasional mention of this case's facts are pretext for his legal analysis. Conclusions of law appear throughout Windt's report, some examples of which are:

1. Windt rejects Connolly's report because it "contravenes fundamental rules of insurance contract construction" and is "not supported by the analysis adopted in analogous case law." (Dkt. No. 715-2, at p. 13)

2. Windt appears to reject Hughes's report for the same legal reasons used to reject Connolly's report. (*See* Dkt. No. 715-2, at p. 16.)

3. Windt declares the "Granite State and [ICSOP] policies at issue are all true excess policies." (Dkt. No. 715-2, at p. 7.)

4. Windt opines that under the Home (primary) insurance policies, Home "is obligated to pay all the defense costs." (Dkt. No. 715-2, at p. 10.)

5. Windt concludes "[ICSOP] is not presently obligated to pay any defense costs" and "Granite State is not obligated pay any of the defense costs." (Dkt. No. 715-2, at p. 16.)

In essence, Windt's report is an *amicus curiae* brief on insurance contract interpretation. In *Mirarchi v. Seneca Specialty Ins. Co.*, Civil Action No. 10-3617, 2013 WL 1187065, at *6 (E.D. Pa. March 22, 2013), the court reached a similar conclusion in striking almost all of Windt's report in that case:

> In this case, Mr. Windt's report does contain a good deal of contract interpretation, and is written by someone arguably with expertise in insurance law, but not in actual claims handling or adjusting. Indeed, the report is seasoned throughout with legal conclusions based on Mr. Windt's insurance treatise (which is, in turn, based on case law from many jurisdictions outside of Pennsylvania).

> In short, the bulk of the expert report would not be admissible, and Mr. Mirarchi may not rely on Mr. Windt's report to the extent that it intrudes upon the province of the Court and the jury because it contains long passages of legal arguments and contract construction and does not deal with complex coverage issues that would arguably assist the fact-finder.

*See also McCrink v. Peoples Benefit Life Ins. Co.*, No. 2:04-CV-01068-LDD, 2005 WL 730688, at *4 (E.D. Pa. 2005) ("The report of Mr. Windt is littered with impermissible legal conclusions on the issue of contract construction."). The court recognizes, as the parties appear to do, Windt's expertise in insurance law, but his report in this case provides no opinions about facts. Under Rule 702, therefore, his report is not admissible because it will not assist the court's understanding of the facts at issue.

Granite State and ICSOP contend that if the court excludes Windt's report it also must exclude the Hughes report (and Connolly's, the court assumes) because of their similarity, but this contention overlooks two material distinctions between Windt's report and the reports Connolly and Hughes submitted. First, both Hughes and Connolly discuss at length in their respective reports facts that assist the court's understanding of industry practice, the purpose of specific insurance policy provisions, underwriting and claims handling, methodology for constructing lost policies, and other facts key to resolving questions about the existence and content of the insurance policies at issue. Windt's report discusses none of these topics or any other facts. Second, both Connolly and Hughes have extensive background and experience in the insurance industry, which equips them to explain and opine on the factual topics underlying the parties' lost-policy dispute. Windt is a lawyer who has never worked in the insurance industry. *See also Mirarchi*, 2013 WL 1187065, at *5 (observing that "Mr. Windt is an attorney

with experience handling insurance coverage claims but with no professional insurance experience as an adjustor, appraiser, umpire or other direct industry involvement[.]"). Although portions of Connolly's and Hughes's respective reports might be inadmissible because they contain impermissible legal conclusions, certainly most of their reports' content sets forth admissible expert testimony and opinion grounded on the facts of this case and their experience in the insurance industry. In sum, the Hughes and Connolly reports are not "virtually identical" or even similar to Windt's under a Rule 702 analysis.

*Conclusion*

Third-Party Plaintiffs' Motion to Strike Expert Report of Allan Windt (Dkt. No. 714) is **GRANTED**. The court strikes the Windt report and precludes all parties from using that report in this case. Windt is precluded from testifying at trial.

IT IS SO ORDERED.

DATED this 21st day of September, 2015

JOHN V. ACOSTA
United States Magistrate Judge