UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CENTURY INDEMNITY COMPANY,
a Pennsylvania Corporation,

              Plaintiff,

       v.

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive Oregon corporation,

              Defendants.

Case No.: 3:08-CV-1375-AC

OPINION AND ORDER

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive

Oregon corporation; and BAE SAN DIEGO SHIP REPAIR, INC., a California corporation,

      Third-Party Plaintiffs,

    v

AGRICULTURAL INSURANCE COMPANY and AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, each an Ohio corporation; AMERICAN CENTENNIAL INSURANCE COMPANY, a Delaware corporation; CHICAGO INSURANCE COMPANY, an Illinois corporation; CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation; HARTFORD INSURANCE COMPANY, a Connecticut corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a New Jersey corporation; INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and CERTAIN LONDON MARKET INSURANCE COMPANIES, each a foreign corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; NEW ENGLAND REINSURANCE COMPANY, a Connecticut corporation; OLD REPUBLIC INSURANCE COMPANY, an Illinois corporation; PACIFIC MUTUAL MARINE OFFICE INC., a New York corporation; RELIANCE INSURANCE COMPANY, a Pennsylvania corporation; ROYAL INDEMNITY COMPANY, a Delaware

corporation; ST. PAUL FIRE & MARINE
INSURANCE COMPANY, individually
and as successor to ST. PAUL MERCURY
INDEMNITY COMPANY, a Minnesota
corporation; TWIN CITY FIRE
INSURANCE COMPANY, an Indiana
corporation; WATER QUALITY
INSURANCE SYNDICATE, a syndicate
of foreign corporations; WEST COAST
MARINE MANAGERS, INC., a New York
corporation; AMERICAN MANUFACTURER'S
MUTUAL INSURANCE COMPANY, an
Illinois corporation; DANIELSON
NATIONAL INSURANCE COMPANY,
successor to MISSION NATIONAL
INSURANCE COMPANY, a California
corporation; FM GLOBAL INSURANCE
AGENCY, successor to ARKWRIGHT
BOSTON MANUFACTURER'S MUTUAL
INSURANCE COMPANY, a Delaware
corporation; STERLING CASUALTY
INSURANCE COMPANY, successor to
NATIONAL AUTOMOBILE AND
CASUALTY COMPANY, a California
corporation; and JOHN DOE INSURANCE
COMPANIES,

      Third-Party Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

  Presently before the court is the renewed motion to compel filed by St. Paul Fire and Marine Insurance Company ("St. Paul") seeking the production of documents related to costs incurred in the defense of The Marine Group, LLC; Northwest Marine, Inc.; Northwest Marine Iron Works; and BAE Systems San Diego Ship Repair, Inc.(collectively referred to as "Third-Party Plaintiffs"), with regard to the assessment, removal, and remediation of hazardous materials released at the Portland

Harbor Superfund Site (the "Environmental Claims"). St. Paul specifically seeks: "(1) communications between or among TPPs,[1] the Portland Harbor Superfund Site Participation and Common Interest Group ("PCIG"), participants in the PCIG or any other cost allocation process, the Portland Harbor Natural Resources Trustee Council; the Lower Willamette Group; and/or the U.S. EPA regarding the Portland Harbor Superfund Site; and (2) defense-related documents produced or exchanged with TPPs' attorneys and consultants, regarding work performed or to be performed on TPPs' behalf concerning their involvement at the Portland Harbor Superfund Site." (St. Paul Renewed Mot. to Compel at 3.) Alternatively, St. Paul asks the court to prohibit the offer or admission of documents or information not produced by Third-Party Plaintiffs at the upcoming trial on defense costs. Third-Party Plaintiffs object to the production of the requested documents, arguing such production would be unduly burdensome and that the documents are privileged as with attorney-client, settlement, or common-interest documents.

The court finds the documents requested by St. Paul are relevant and that St. Paul has substantial need for the documents to meet its burden at trial, which need outweighs any burden to Third-Party Plaintiffs resulting from the production of such documents. St. Paul, as Third-Party Plaintiffs' insurer participating in the defense of the Environmental Claims, has a common interest in the defense of the underlying litigation and production of the requested documents will not violate any privileges claimed by Third-Party Plaintiffs. Accordingly, St. Paul's motion is granted.

*Legal Standard*

The limits of discovery in a federal civil suit are articulated in Federal Rule of Civil Procedure 26 ("Rule 26"). Rule 26 provides that "[p]arties may obtain discovery regarding any

---

[1] St. Paul refers to Third-Party Plaintiffs as TPPs.

nonprivileged matter that is relevant to any party's claim or defense . . . ." For material to be discoverable, it need not be admissible in court. It must only be "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1) (2015). If a party fails to produce discoverable material requested by a party, the requesting party – after giving notice and an attempt to confer – may "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1) (2015)

Although the Federal Rules of Civil Procedure encourage liberal discovery, the court retains discretion to limit discovery to serve the interests of justice and equity. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules" if the burden and expense of producing the requested documents would outweigh the likely benefit of production. FED. R. CIV. P. 26(b)(2)(C)(iii).

*Discussion*

The court determined St. Paul has a duty to defend Third-Party Plaintiffs with regard to the Environmental Claims. *Century Indem. Co. v. Marine Group, LLC*, No. 08-cv-1375-AC, Opinion (ECF No. 452) at 3 (D. Or. Jan. 26, 2012). Consequently, St. Paul must contribute to the defense costs incurred by Third-Party Plaintiffs and Argonaut Insurance Company ("Argonaut")[2] in accordance with the provisions of the Oregon Environmental Cleanup Assistance Act (OR. REV. STAT. 465.475-465.484) (the "Act"). Determination of the amount of recoverable defense costs under the Act will be made at a trial currently scheduled for April 2016.

At trial, "Argonaut and [Third-Party Plaintiffs] must establish the expenses it seeks to recover

---

[2]Argonaut voluntarily agreed to defend Third-Party Plaintiffs and to date has expended millions of dollars in defense costs of the Environmental Claims.

are properly characterized as defense costs. In doing so, they may rely on the rebuttable presumption found in OR. REV. STAT. 465.480(7)(a). Once the expenses are properly identified as defense costs, Argonaut and [Third-Party Plaintiffs] bear the burden of proof on the existence and amount of the claimed defenses costs, including documentation of the hours expended, and Insurers must prove the requested costs were unreasonable or unnecessary." *Century Indem. Co. v. Marine Group, LLC*, No. 08-cv-1375-AC, 2015 WL 810987, at *1 (D. Or. Feb. 25, 2015).

I.  Relevance

St. Paul bears the burden of proving the defense costs requested by Third-Party Plaintiffs and Argonaut are unreasonable or unnecessary. To meet this burden, St. Paul must have access to information establishing the purpose of the costs and the context in which they were incurred. The documents requested by St. Paul are relevant to these issues.

II.  Unduly Burdensome

Third-Party Plaintiffs argue the documents sought by St. Paul represent millions of pages of documents which will require hundreds of thousands of hours of attorney time to produce. The court is mindful of the burden Third-Party Plaintiffs will face to provide the requested documents, but concludes the disadvantage St. Paul would suffer at trial in the absence of the requested documents outweighs the burden on Third-Party Plaintiffs. Third-Party Plaintiffs seek to recover their defense costs and has placed the reasonableness and necessity of such costs at issue. The court will not allow Third-Party Plaintiffs to limit the evidence St. Paul must use to meet its burden of proof at trial on these issues, by refusing to produce relevant documents based solely on the resulting inconvenience to Third-Party Plaintiffs.

/ / / / /

III. Privileged Documents

Oregon law applies to actions addressing the existence of insurance coverage for the costs of investigating or remediating environmental contamination, and for costs incurred in defending a suit against an insured for such costs, in all cases where the contaminated property is within the State of Oregon. OR. REV. STAT. 465.480(2)(a) (2013). Consequently, state law also applies to the claims of privilege asserted by Third-Party Plaintiffs. FED. R. EVID. 501 (2015) ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.") The party asserting the privilege bears the burden of establishing they are entitled to it and the communications they seek to protect fall with the parameters of the privilege. *Oregon v. Serrano*, 346 Or. 311 (2009) (citing *Groff v. S.I.A.C.*, 246 Or. 557, 565 (1967)).

    A. Attorney-Client

The attorney-client privilege is governed by Rule 503 of the Oregon Evidence Code ("Rule 503"). This privilege protects confidential communications not only between the lawyer and the client, but also those between associated representatives. Rule 503(2). "Confidential communications" is defined as "a communication not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Rule 503(1)(b). The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy depends upon the lawyer's being fully informed by the client." *Oregon Health Sciences Univ. v. Haas*, 325 Or. 492, 500 (1997) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).

The court has charged St. Paul with the obligation to contribute to, if not participate in, the defense of the Environmental Claims. St. Paul's counsel is tasked with representing and protecting the interests of Third-Party Plaintiffs, its insureds. St. Paul is not an adversary or an unrelated third party in this context. Rather, St. Paul is more akin to co-counsel. Furthermore, Third-Party Plaintiffs placed at issue the designation of expenditures as defense costs, and the reasonableness and necessity of such defense costs, by seeking St. Paul's participation in the defense of the Environmental Claims. Production of the requested documents will allow St. Paul to participate in the defense of Third-Party Plaintiffs in accordance with the terms of the Act, conduct arguably in furtherance of the rendition of legal services to Third-Party Plaintiffs. Third-Party Plaintiffs have failed to meet their burden to establish the entirety of the communications at issue are truly confidential in this context.

*B. Work Product*

Third-Party Plaintiffs assert the requested documents contain work product protected under Federal Rule of Civil Procedure 26(b)(3). However, the work-product doctrine does not apply if the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by any other means." FED. R. CIV. P. 26(b)(3) (2015).[3] St. Paul has the burden of proving the requested defense costs are unreasonable or unnecessary. It will be unable to meet this burden without the requested documents and is unable to obtain their equivalent by any other means as Third-Party Plaintiffs retains control over such

---

[3] Oregon Rule of Civil Procedure 36(B)(3) allows the production of work product only "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of such party's case and is unable without undue hardship to obtain the substantial equivalent of the material by other means. "

Page 8 - OPINION AND ORDER                                                                 {SIB}

documents. The work-product doctrine does not protect the requested documents.

### C. Common Purpose

Third-Party Plaintiffs assert production of the requested documents is prohibited under the common- purpose or joint-defense doctrine based on the various joint-defense agreements containing a confidentiality obligation. They argue production of the requested documents will violate privileges held by other common-interest parties. "The joint defense and common interest doctrines are not privileges in and of themselves. Rather, they constitute exceptions to the rule on waiver where communications are disclosed to third parties." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007); *Port of Portland v. Oregon Center for Envtl. Health*, 238 Or. App. 404 (2010) (court considered common-interest doctrine in case where requesting party asserted attorney-client privilege waived when confidential communication disclosed to third parties). St. Paul is not arguing Third-Party Plaintiffs waived the attorney-client privilege by disclosing confidential information to third parties. Consequently, the court is not convinced the common-interest doctrine is relevant here.

In any event, the case relied on by Third-Party Plaintiffs to establish the common-interest privilege involved a request for a joint defense agreement by a public entity under Oregon's Inspection of Public Records Law. *Port of Portland*, 238 Or. App. at 406. The case at hand is clearly distinguishable from *Port of Portland*. Here, St. Paul, is a party requesting documents as discovery in this action in which Third-Party Plaintiffs seek both a defense from, and indemnification of, the Environmental Claims from St. Paul and, as such, shares in the common interest between Third-Party Plaintiffs and other identified potentially responsible parties. On the other hand, the defendant in *Port of Portland* was an independent third party seeking disclosure

pursuant to a public records request. Third-Party Plaintiffs' reliance on *Port of Portland* is misplaced. The documents sought by St. Paul are not protected by the common-interest or joint-defense doctrine as claimed by Third-Party Plaintiffs.

IV.  Conclusion

The court finds the documents requested by St. Paul are relevant and that St. Paul has substantial need for the documents to meets its burden at trial which outweighs any burden to Third-Party Plaintiffs resulting from the production of such documents. St. Paul, as Third-Party Plaintiffs' insurer participating in the defense of the Environmental Claims, has a common interest in the defense of the underlying litigation and production of the requested documents will not violate any privileges claimed by Third-Party Plaintiffs. Furthermore, production of the requested documents may eliminate St. Paul's concerns with regard to the reasonableness and necessity of the some of the requested costs, allowing the parties to reach consensus on such costs and lessening the issues to be resolved by the court at the April trial. Third-Party Plaintiffs shall bear the cost of such production and shall be prohibited from offering at trial any documents not produced to St. Paul, as well as any testimony based on the review of such withheld documents.

*Conclusion*

St. Paul's motion (ECF No. 695) to compel is GRANTED.

DATED this 21st day of December, 2015.

                                    /s/ John V. Acosta
                                    JOHN V. ACOSTA
                                United States Magistrate Judge