UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CENTURY INDEMNITY COMPANY, a Pennsylvania Corporation,

Plaintiff,

v.

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive Oregon corporation,

Defendants.

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive

Case No.: 3:08-CV-1375-AC

OPINION AND ORDER

Oregon corporation; and BAE SAN DIEGO SHIP REPAIR, INC., a California corporation,

Third-Party Plaintiffs,

v

AGRICULTURAL INSURANCE COMPANY and AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, each an Ohio corporation; AMERICAN CENTENNIAL INSURANCE COMPANY, a Delaware corporation; CHICAGO INSURANCE COMPANY, an Illinois corporation; CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation; HARTFORD INSURANCE COMPANY, a Connecticut corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a New Jersey corporation; INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and CERTAIN LONDON MARKET INSURANCE COMPANIES, each a foreign corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; NEW ENGLAND REINSURANCE COMPANY, a Connecticut corporation; OLD REPUBLIC INSURANCE COMPANY, an Illinois corporation; PACIFIC MUTUAL MARINE OFFICE INC., a New York corporation; RELIANCE INSURANCE COMPANY, a Pennsylvania corporation; ROYAL INDEMNITY COMPANY, a Delaware

corporation; ST. PAUL FIRE & MARINE INSURANCE COMPANY, individually and as successor to ST. PAUL MERCURY INDEMNITY COMPANY, a Minnesota corporation; TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation; WATER QUALITY INSURANCE SYNDICATE, a syndicate of foreign corporations; WEST COAST MARINE MANAGERS, INC., a New York corporation; AMERICAN MANUFACTURER'S MUTUAL INSURANCE COMPANY, an Illinois corporation; DANIELSON NATIONAL INSURANCE COMPANY, successor to MISSION NATIONAL INSURANCE COMPANY, a California corporation; FM GLOBAL INSURANCE AGENCY, successor to ARKWRIGHT BOSTON MANUFACTURER'S MUTUAL INSURANCE COMPANY, a Delaware corporation; STERLING CASUALTY INSURANCE COMPANY, successor to NATIONAL AUTOMOBILE AND CASUALTY COMPANY, a California corporation; and JOHN DOE INSURANCE COMPANIES,

Third-Party Defendants.

---

ACOSTA, Magistrate Judge:

*Introduction*

Third-party plaintiffs the Marine Group, LLC, Northwest Marine, Inc., Northwest Marine Iron Works, and BAE Systems San Diego Ship Repair, Inc. (collectively referred to as "Marine Group"), seek reconsideration[1] of the court's ruling on summary judgment that the Hazardous

---

[1]The caption of the motion implies the Marine Group alternatively seeks clarification of the prior ruling but the body of the motion makes clear it is limited to a request for reconsideration.

Substance Remedial Action Exclusion (the "Exclusion") for environmental claims filed by governmental authorities found in the insurance policy issued to the Marine Group by National Union Fire Insurance Company of Pittsburgh, PA ("National Union") bars coverage of claims for natural resource damage ("NRD") brought by Indian Tribes ("Tribes") as members of the Portland Harbor Natural Resource Trustee Council ("Council"). The Marine Group contends the court made several clear errors in determining the Exclusion barred coverage for the underlying environmental claims, resulting in a manifestly unjust outcome. The Marine Group relies on Federal Rule of Civil Procedure 54(b) and the court's inherent authority in support of their motion.

The court finds the Marine Group has failed to establish the court's prior ruling was clearly in error or resulted in an unjust outcome.[2] Accordingly, the motion to reconsider is denied.[3]

*Legal Standard*

A court order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b) (2015). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). Generally, "[r]econsideration is appropriate if the district court is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

This court has also utilized the four-part test set forth in *Motorola Inc. v. J.B. Rodgers*

---

[2]The Marine Group requested oral argument in their reply brief. The court finds this motion appropriate for disposition without oral argument pursuant to LR 7-1(d)(1), and denies the request.

[3]The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

*Mechanical Contractors*, 215 F.R.D. 581, 583-86 (D. Az. 2003), when faced with a motion to reconsider an interlocutory order. *See Stockamp & Assocs. v. Accretive Health*, No. CV 04-1443-BR, 2005 WL 425456, *6 (D. Or. Feb. 18, 2005) ("In [*Motorola*], the court reviewed the local rules of those districts in the Ninth Circuit that had addressed the issue of reconsideration of interlocutory orders, and the court concluded the rules of the Central District of California 'capture the most common elements of the various local rules.' This Court agrees and, like the court in *Motorola*, adopts the standards set forth in the local rules of the Central District of California for determining whether to grant a motion for reconsideration." (internal citations omitted)). Under this test, the court will reconsider a prior ruling only if:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened *after* the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola*, 215 F.R.D. at 586 (emphasis in original).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)(trial court did not abuse its discretion in denying motion for reconsideration because the moving party presented to no arguments which the court had not already

considered). The motion to reconsider should not be used to ask the court to rethink matters already decided. *Motorola*, 215 F.R.D. at 582.

*Discussion*

The Exclusion provides:

> This policy does not apply to the liability of the Insured, or liability of another for which the Insured may be liable in whole or in part, resulting from any suit, action, proceeding or order brought or issued by or on behalf of any Federal, State or local governmental authority seeking (a) Remedial Action or the cost thereof, (b) damages for injury to, destruction of or loss of natural resources, including the costs of assessing such injury, destruction or loss, if such suit, action, proceeding or order arises from the release of a hazardous substance at any area, whether or not owned by the Insured. The company shall not have the obligation to defend any suit, action or proceeding seeking to impose such liability.

*Century Indem. Co. v. Marine Group, LLC*, ___ F. Supp. 3d ___, 2015 WL 5317324, *8 (D. Or. 2015). In its initial briefing, the Marine Group argued the language, which had previously been found to be ambiguous by another court in a different context, did not exclude natural resource damage claims brought by a Tribe because Tribes are not a Federal, State or local governmental authority. The court found that as members of the Council and based on the Council's Memorandum of Agreement (the "Agreement"), the Tribes were asserting NRD claims on behalf of the collective members of the Council, which clearly included Federal, State or local governmental authorities. Consequently, the NRD claims asserted by members of the Council, including the Tribes, were claims "brought or issued by or on behalf of any Federal, State or local governmental authority seeking . . . damages for injury to, destruction of or loss of natural resources," and fell within the parameters of the Exclusion.

The Marine Group asserts the court committed clear error in reaching this conclusion. Specifically, the Marine Group argues the court ignored material terms of the Exclusion, substituted

its own terms for those actually used in the Exclusion, disregarded federal law when characterizing the NRD claims, and failed to construe an ambiguity in the underlying complaint in favor of the Marine Group – the insured. In conclusion, the Marine Group argues the court should apply the interpretation of the Exclusion offered by the Marine Group, find the Exclusion does not apply to the underlying environmental claims, deny National Union's motion for summary judgment, and require National Union to participate in the defense of the underlying environmental claims. The court finds the Marine Group has failed to establish the court committed clear error or the initial decision was manifestly unjust.

Marine Group asserts the court failed to construe an ambiguity in the underlying complaint in their favor. In fact, the court construed the underlying suit documents in favor of the Marine Group by finding the initial communications from the Council to the Marine Group, while not specifically identifying a claim for natural resource damages by any Tribe, possibly stated such a claim due to its participation in the Council. *Id.* Based on this finding, the court then considered the express language of the Exclusion, Congressional intent underlying the Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. §§ 9601-9675)(the "CERCLA"), and the Agreement to determine if the Exclusion barred a NRD claim brought by a Tribe as a Council member.

Again, contrary to the Marine Group's assertion, the court did not ignore the terms they identified as material – "by" and "on behalf of" – but instead found that any natural resource claim asserted by a Council member was brought by such member to benefit the Council members as a whole, pursuant to the Agreement. Therefore, any claim brought by a Tribe in this context was properly considered to be brought "on behalf of" all Council members and any claim brought "by"

a Council member was intended to recover natural resource damages for the benefit the Council membership as a whole, including the Tribe.

The Marine Group concedes it was appropriate for the court to look beyond the express language of the insurance policy to construe the meaning of the Exclusion. Accordingly, to ascertain the parties intent it was not clear error for the court to consider the definitions of specific terms found in the Exclusion as well as the context of the Exclusion. The Marine Group merely disagrees with the definition of "governmental authority" the court derived from those sources, and it argues the court instead should adopt the definition now offered by it – "a governmental agency or corporation that administers a public enterprise." (Third-Party Pls.' Mot. for Reconsideration at 11.)

In its initial briefing, the Marine Group did not offer a preferred construction of the Exclusion. Rather, it argued that because the Exclusion did not reference claims brought by Tribes, the Exclusion did not bar such claims, and that a prior determination by another district court that the phrase "resulting from" in the Exclusion was ambiguous required this court to construe the Exclusion against National Union. *Century*, 2015 WL 5317324, at *10 ("Insureds do not offer a different interpretation of these terms. Rather, Insureds argue at least one court has found the Exclusion ambiguous and this court must, therefore, interpret the Exclusion in their favor.") Had the Marine Group offered the construction at that time, the court may well have adopted it, in that it is not drastically different than the definition of governmental authority used by the court. *Id.* ("Accordingly, the plain and general meaning of "governmental authority" includes an organization, agency, or corporation having the right or permission to exercise political authority or discretion for the benefit of the public they serve.") In any event, the Marine Group's newly offered definition would not have changed the ultimate outcome when considered in light of the Tribe's assertion of

a NRD claim as a member of the Council, the Agreement, and Congressional intent underlying the CERCLA.

Finally, the Marine Group contends the court disregarded existing law establishing the CERCLA authorizes only natural resource trustees, and not the Council, to bring NRD claims. The court never considered the underlying NRD claims to be brought by the Council.[4] The sole evidence of an assertion of a NRD claim by a Tribe was correspondence to the Marine Group from the Council on behalf of its members. Based on this evidence, the court found it reasonable to believe the Tribes were pursuing NRD claims as a member of the Council. There is no evidence or allegation a Tribe independently filed such claim against the Marine Group. Accordingly, the court analyzed the Tribe's NRD claims solely within the context of the Council but did not view the claims as being brought by the Council.

The Marine Group also asserts the court erred when it found the Tribes were acting on behalf of other members of the Council, who were clearly governmental authorities within the parameters of the Exclusion. While, as noted by the Marine Group, Tribes are independent sovereigns who act solely for the benefit of tribe members and not United States citizens in general, the Council's Memorandum of Agreement specifically provides that all members of the Council are acting for the benefit of the members as a whole. Accordingly, any claim brought by a Tribe for NRD while a member of the Council is brought on behalf of all other members, who share equally in the damages

---

[4]The Marine Group cites to a portion of the underlying opinion in which the court stated "the Council is acting to enforce the CERCLA for the benefit of the Council." (Third-Party Pls.' Mot. for Reconsideration at 12.) The court acknowledges this phrase is misleading when viewed alone. What the court intended in this statement was to emphasize the members of the Council are acting for the benefit of the Council as a whole, pursuant to the Council's Memorandum of Agreement. The court never found the Council itself was asserting claims and the remainder of the opinion makes this clear.

recovered. In this context, the Tribes are asserting claims which will benefit United States citizens, not just tribe members.

The court limited its consideration of the Exclusion to the specific facts of this case. It did not consider or rule on the question of whether a claim brought by a Tribe for NRD independent of a group including Federal, State or local governmental authorities created for the sole purpose of pursuing NRD claims for the benefit of the group as a whole falls within the Exclusion. In the context of the facts currently before the court – Tribes are asserting natural resource damages claims not individually but as a member of the Council for the benefit of the members as whole, which members include Federal, State, or local governmental authorities – the court is convinced the Exclusion bars coverage of such claims despite the Marine Group's continued arguments to the contrary. The Marine Group has failed to present legal authority sufficient to convince the court this ruling was clearly wrong or manifestly unjust.

*Conclusion*

The Marine Group's motion (ECF No. 877) to reconsider is DENIED.

DATED this 7th day of January, 2016.

JOHN V. ACOSTA
United States Magistrate Judge