UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CENTURY INDEMNITY COMPANY,
a Pennsylvania Corporation,

                      Plaintiff,

             v.

THE MARINE GROUP, LLC, a California
limited liability company, as affiliated with
Northwest Marine, Inc.; NORTHWEST
MARINE, INC., an inactive Oregon
corporation, as affiliated with Northwest
Marine Iron Works; NORTHWEST
MARINE IRON WORKS, an inactive
Oregon corporation,

                    Defendants.

THE MARINE GROUP, LLC, a California
limited liability company, as affiliated with
Northwest Marine, Inc.; NORTHWEST
MARINE, INC., an inactive Oregon

Case No.: 3:08-CV-1375-AC

OPINION AND
ORDER

Page 1 - OPINION AND ORDER                                          *{TJK}*

corporation, as affiliated with Northwest
Marine Iron Works; NORTHWEST
MARINE IRON WORKS, an inactive
Oregon corporation; and BAE SAN DIEGO
SHIP REPAIR, INC., a California
corporation,

            Third-Party Plaintiffs,

      v

AGRICULTURAL INSURANCE
COMPANY and AGRICULTURAL
EXCESS AND SURPLUS INSURANCE
COMPANY, each an Ohio corporation;
AMERICAN CENTENNIAL INSURANCE
COMPANY, a Delaware corporation;
CHICAGO INSURANCE COMPANY, an
Illinois corporation; CONTINENTAL
INSURANCE COMPANY, a Pennsylvania
corporation; EMPLOYERS MUTUAL
CASUALTY COMPANY, an Iowa
corporation; FEDERAL INSURANCE
COMPANY, an Indiana corporation;
GRANITE STATE INSURANCE
COMPANY, a Pennsylvania corporation;
HARTFORD INSURANCE COMPANY, a
Connecticut corporation; INSURANCE
COMPANY OF THE STATE OF
PENNSYLVANIA, a New Jersey
corporation; INSURANCE COMPANY OF
NORTH AMERICA, a Pennsylvania
corporation; CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON and CERTAIN
LONDON MARKET INSURANCE
COMPANIES, each a foreign corporation;
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a
Pennsylvania corporation; NEW
ENGLAND REINSURANCE COMPANY,
a Connecticut corporation; OLD REPUBLIC
INSURANCE COMPANY, an Illinois
corporation; PACIFIC MUTUAL MARINE
OFFICE INC., a New York corporation;

RELIANCE INSURANCE COMPANY, a
Pennsylvania corporation; ROYAL
INDEMNITY COMPANY, a Delaware
corporation; ST. PAUL FIRE & MARINE
INSURANCE COMPANY, individually
and as successor to ST. PAUL MERCURY
INDEMNITY COMPANY, a Minnesota
corporation; TWIN CITY FIRE
INSURANCE COMPANY, an Indiana
corporation; WATER QUALITY
INSURANCE SYNDICATE, a syndicate
of foreign corporations; WEST COAST
MARINE MANAGERS, INC., a New York
corporation; AMERICAN MANUFACTURER'S
MUTUAL INSURANCE COMPANY, an
Illinois corporation; DANIELSON
NATIONAL INSURANCE COMPANY,
successor to MISSION NATIONAL
INSURANCE COMPANY, a California
corporation; FM GLOBAL INSURANCE
AGENCY, successor to ARKWRIGHT
BOSTON MANUFACTURER'S MUTUAL
INSURANCE COMPANY, a Delaware
corporation; STERLING CASUALTY
INSURANCE COMPANY, successor to
NATIONAL AUTOMOBILE AND
CASUALTY COMPANY, a California
corporation; and JOHN DOE INSURANCE
COMPANIES,

                Third-Party Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

Third-Party Plaintiffs the Marine Group, LLC; Northwest Marine, Inc.; Northwest Marine

Iron Works; and BAE Systems San Diego Ship Repair, Inc., (collectively referred to as "Third-Party

Plaintiffs") seek reconsideration and clarification of the court's Opinion and Order (ECF No. 899)

on St. Paul Fire and Marine Insurance Company's ("St. Paul") motion to compel.  The court's ruling ordered Third-Party Plaintiffs to produce documents requested by St. Paul relating to costs incurred in the defense of Third-Party Plaintiffs with respect to the assessment, removal, and remediation of hazardous materials released at the Portland Harbor Superfund Site (the "Environmental Claims").  St. Paul specifically sought: "(1) communications between or among TPPs,[1] the Portland Harbor Superfund Site Participation and Common Interest Group ("PCIG"), participants in the PCIG or any other cost allocation process, the Portland Harbor Natural Resources Trustee Council, the Lower Willamette Group, and/or the U.S. EPA regarding the Portland Harbor Superfund Site; and (2) defense-related documents produced or exchanged with TPPs' attorneys and consultants, regarding work performed or to be performed on TPPs' behalf concerning their involvement at the Portland Harbor Superfund Site."  (St. Paul Renewed Mot. to Compel (ECF No. 695), at 2-3.)  The court held such documents are relevant and that St. Paul has a substantial need for the documents to meet its burden at trial, and that such need outweighs any burden to Third-Party Plaintiffs resulting from the production of such documents.  Third-Party Plaintiffs contend the court made several clear errors in determining the documents requested by St. Paul must be produced.

*Legal Standard*

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration.  *Allen v. Nw. Permanente, P.C.*, No. 3:12-cv-0402-ST, 2012 WL 5996935, at *1 (D. Or. Nov. 30, 2012).  However, several rules contemplate a situation where the court may revisit prior decisions and order them amended, rescinded, or reversed.  FED. R. CIV. P. 59(e), 60(b) (2016).  After the court has entered a final judgment in a matter, a party may seek relief from that judgment "under either

---

[1]St. Paul refers to Third-Party Plaintiffs as TPPs.

Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief

from judgment)." *Allen*, 2012 WL 5996935, at *1 (quoting *Sch. Dist. No. 1J, Multnomah County,*

*Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993)). Rule 60(b) provides that a court may

"relieve a party or its legal representative from a final judgment, order or proceeding for the

following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud . . . , misrepresentation or misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 59(e) does not articulate a test to determine when a court should

reconsider a prior decision, but courts have determined that reconsideration under Rule 59(e) is

"appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a

clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

controlling law." *Sissoko v. Rocha,* 440 F.3d 1145, 1153-54 (9th Cir. 2006); *Kona Enters., Inc. v.*

*Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under either rule, "a motion for reconsideration

should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its

prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to

reverse its prior decision." *Romtec, et al. v. Oldcastle Precast, Inc.*, 08-06297-HO, 2011 WL

690633, at *8 (D. Or. Feb. 16, 2011) (citing *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429,

430 (D. Haw. 1996)).

When a party moves for reconsideration based on new evidence, the court applies the same

test regardless of whether the motion is brought under Rule 59 or Rule 60. *Jones v. Aero/Chem*

*Corp.*, 921 F.2d 875, 878 (9th Cir. 1990), (citing 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTCIE AND PROCEDURE: CIVIL § 2859 (1973)). "Under this test the movant must show

the evidence (1) existed at the time of the [original decision], (2) could not have been discovered

through due diligence, and (3) was of such magnitude that production of it earlier would have been

likely to change the disposition of the case." *Jones*, 921 F.2d at 878 (internal quotation marks

omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality

and conservation of judicial resources." *Kona Enterprises, Inc.,* 229 F.3d at 890. Motions for

reconsideration should not be frequently made or freely granted. *Twentieth Century–Fox Film Corp.*

*v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1980).

*Discussion*

In 2012 the court determined St. Paul has a duty to defend Third-Party Plaintiffs with regard

to the Environmental Claims. *Century Indem. Co. v. Marine Group, LLC*, Civ No. 08-cv-1375-AC,

848 F. Supp. 2d 1238 (D. Or. Jan. 26, 2012); *Century Indem. Co. v. The Marine Group*, Civ No. 08-

1375-AC, Opinion and Order, at 3 (D. Or. Dec. 26, 2012) ("the court concludes that Insurers have

a duty to defend [Insureds]."). Thus, St. Paul must contribute to the defense costs incurred by Third-

Party Plaintiffs and Argonaut Insurance Company ("Argonaut")[2] in accordance with the provisions of the Oregon Environmental Cleanup Assistance Act (OR. REV. STAT. 465.475-465.484) (the "Act").  The court will determine the amount of recoverable defense costs under the Act at a trial scheduled for October 2016.

At the trial, Argonaut and Third-Party Plaintiffs will bear the burden of establishing that the expenses they seek to recover are properly characterized as defense costs.  Once the expenses have been identified as defense costs, "Argonaut and [Third-Party Plaintiffs] bear the burden of proof on the existence and amount of the claimed defenses costs, including documentation of the hours expended, and [St. Paul] must prove the requested costs were unreasonable or unnecessary." *Century Indem. Co. v. Marine Group, LLC*, No. 3:08-cv-1375-AC, 2015 WL 810987, at *1 (D. Or. Feb. 25, 2015).

Because it bears the burden of proving the defense costs requested by Third-Party Plaintiffs and Argonaut are unreasonable or unnecessary, St. Paul sought documents relating to costs incurred in the defense of Third-Party Plaintiffs with respect to the Environmental Claims.  In its initial briefing, Third-Party Plaintiffs argued St. Paul's discovery request was overly broad and unduly burdensome due to the sheer volume of documents that St. Paul had requested and the amount of attorney hours it would require to produce the documents.

Second, Third-Party Plaintiffs argued many of the documents sought by St. Paul were covered by the work-product doctrine and attorney-client privilege.  Despite asserting those privileges, Third-Party Plaintiffs did not produce a privilege log, apparently because of the sheer size

---

[2]Argonaut voluntarily agreed to defend Third-Party Plaintiffs and to date has expended millions of  dollars in defense costs of the Environmental Claims.

of the request, which would cover tens of thousands of documents.

Third-Party Plaintiffs additionally argued they are part of a number of joint-defense agreements. All parties to the joint-defense agreements, according to Third-Party Plaintiffs, seek to limit their liability arising from environmental contamination at the Portland Harbor Superfund Site ("Site"). This common interest, Third-Party Plaintiffs opined, necessitates confidentiality, which would be breached if certain documents are shared with St. Paul.

Fourth, Third-Party Plaintiffs argued that most of the materials requested by St. Paul were irrelevant because a co-insurer in breach of an insurance contract is precluded from challenging the reasonableness and necessity of defense costs in an equitable contribution action. The only category of defense costs St. Paul could challenge, according to Third-Party Plaintiffs, were defense costs arising from the insurance contract and work product related to those defense costs.

In addressing these claims, the court found, first, that St. Paul's request was reasonable because it "bears the burden of proving the defense costs requested by Third-Party Plaintiffs and Argonaut are unreasonable or unnecessary." *Century Indem. Co. v. Marine Group, LLC*, Case No.: 3:08-CV-1375-AC, 2015 WL 9294792, at *2 (D. Or. Dec. 21, 2015). In order to feasibly meet that burden, the court stated, St. Paul needed "access to information establishing the purpose of the costs and the context in which they were incurred," and St. Paul requested information establishing the defense costs incurred by Third-Party Plaintiffs and Argonaut. *Id.* The documents requested thus went directly to the relevant issue at hand.

Next, with respect to whether the production request was unduly burdensome, the court acknowledged the many attorney hours Third-Party Plaintiffs likely would incur as a result of St. Paul's request, but held that Third-Party Plaintiffs, in seeking to recover their defense costs, had put

the issue of reasonableness and necessity of such costs at issue. Thus, the court would not allow Third-Party Plaintiffs to withhold relevant documents that St. Paul could use in meeting its burden of proof at trial, based solely on the attendant inconvenience.

Third, regarding attorney-privilege, the court observed it had already ordered St. Paul to contribute to, if not participate in, the defense of the Environmental Claims. Furthermore, St. Paul's counsel is required to represent and protect the interest of their insureds, Third-Party Plaintiffs. Thus, the court reasoned, St. Paul was not an adversary or an unrelated third party but instead was "more akin to co-counsel." *Id.* at 8. Consequently, the court held that Third-Party Plaintiffs failed to establish the entirety of the communications at issue were truly confidential.

With respect to work product, the court determined, based on the standard set forth in Federal Rule of Civil Procedure 26(b)(3), that St. Paul would be unable to meet its burden to prove the defense costs requested by Third-Party Plaintiffs are unreasonable or unnecessary without the requested documents. Further, St. Paul is unable to obtain their equivalent by any other means, as Third-Party Plaintiffs retained control over such documents. Accordingly, the court held that the work-product doctrine did not protect the requested documents.

Finally, the court did not find Third-Party Plaintiffs' "common purpose" argument compelling. *Id.* at 8-9. The court stated St. Paul shares a common interest with Third-Party Plaintiffs and the other identified potentially responsible parties because the court has ordered St. Paul to, at the very least, aid Third-Party Plaintiffs by contributing to the defense of the Environmental Claims.

Because the court determined the documents requested by St. Paul were relevant, St. Paul had a substantial need for the documents, and there was a common interest between St. Paul and

Third-Party Plaintiffs in the defense of the underlying litigation, vitiating any argument that production of the documents would violate any privileges claimed by Third-Party Plaintiffs, the court ordered Third-Party Plaintiffs to produce the documents St. Paul requested and to bear the cost of such production.

Third-Party Plaintiffs assert the court committed clear error in reaching this conclusion. First, Third-Party Plaintiffs argue the court wrongfully determined St. Paul is participating in Third-Party Plaintiffs' defense and that St. Paul is akin to Third-Party Plaintiffs' co-counsel. Such a conclusion, Third-Party Plaintiffs argue, is based on a mistake of fact and is an improper characterization of the relationship between St. Paul and Third-Party Plaintiffs, as well as an incorrect interpretation of Oregon law.

I. Whether a Special Relationship Exists Between St. Paul and Third-Party Plaintiffs

With respect to their first argument, the court finds Third-Party Plaintiffs have failed to establish the court committed clear error. Third-Party Plaintiffs argue the court incorrectly interpreted Oregon law[3] and that, according to Oregon case law, St. Paul is not akin to Third-Party Plaintiffs' co-counsel. To support this proposition, Third-Party Plaintiffs cite to *Georgetown Realty, Inc. v. Home Ins. Co.*, 313 Or. 97 (1992). First, *Georgetown*'s facts are dissimilar to those here, because the issue in *Georgetown* was whether an insurer can be subjected to tort liability if the insurer undertakes to defend the insured. *Id.* 110-11. Nonetheless, the case is helpful in defining the relationship between Third-Party Plaintiffs and St. Paul. In *Georgetown*, the Oregon Supreme

---

[3]Oregon law applies to actions that address the existence of insurance coverage for costs incurred investigating or remediating environmental contamination, as well as for costs incurred defending a suit against an insured for such costs, where the contaminated property is in the State of Oregon. OR. REV. STAT. 465.483(2)(a)(2013).

Court held that an insurer who undertakes to defend its insured against a third-party claim enters into a relationship with the insured whereby the insurer must act in the insured's best interests. *Id.*; *see also Shin v. Sunriver Preparatory School, Inc.*, 199 Or. App. 352, 366 (2005) (stating an insurer who steps in to defend the insured against a third-party claim "stands in a special relationship with the insured"). Here, "St. Paul's counsel," the court stated, "is tasked with representing and protecting the interests of Third-Party Plaintiffs, its insureds." *Century Indem. Co.*, 2015 WL 9294792, at *3. Because St. Paul's counsel is tasked with representing and protecting Third-Party Plaintiffs' interests, it must act in Third-Party Plaintiffs' best interests, including by contributing to the defense of the Environmental Claims. St. Paul thus is not an adversary or an unrelated third party; instead, as this court stated in its opinion granting St. Paul's motion to compel, St. Paul's status is more akin to co-counsel. Third-Party Plaintiffs have therefore failed to meet their burden to establish the court committed a clear error of fact or law on this issue.

## II. Oregon's Independent Counsel Requirement

Third-Party Plaintiffs argue the court "turns the principle of independent counsel on its head by stating that St. Paul's coverage counsel has a unity of interest with [Third-Party Plaintiffs], and an obligation to protect [Third-Party Plaintiffs]." (Third-Party Plaintiffs' Am. Mot. for Clarification & Recons. ("Mot.") (ECF No. 921.), at 9.) The court's prior ruling does not impair Third-Party Plaintiffs' right to have independent counsel to defend the Environmental Claims. *See* OR. REV. STAT. 465.483(1) (2013) (stating the insurer shall provide independent counsel to defend insured if required by the parties' insurance policy or insured's potential liability exceeds the limits of the parties' insurance policy). The court also recognizes that independent counsel represents only the insured, not the insurer. OR. REV. STAT. 465.483(1). The right to have independent counsel,

however, does not abrogate the insured's responsibilities to cooperate with the insurer pursuant to the terms of the insurance contract. OR. REV. STAT. 465.483(1).

The terms of the parties' insurance contract requires Third-Party Plaintiffs to "cooperate with [St. Paul] . . . in the conduct of suits." ( Rycewicz Decl., dated Apr. 20, 2011, Ex. 15 (ECF No. 307), at 24.) By refusing to provide St. Paul with the requested documents, Third-Party Plaintiffs do not fulfill their duty to cooperate with St. Paul. The Oregon statute at issue envisioned cooperation between coverage and defense counsel. The court's ruling implements the terms of the insurance contract by requiring Third-Party Plaintiffs to cooperate with St. Paul pursuant to the terms of the parties' insurance contract. Third-Party Plaintiffs's argument that the court has turned the principle of independent counsel on its head is therefore unfounded, as the court's ruling is consistent with Oregon law. Third-Party Plaintiffs failed to meet their burden to establish the court committed a clear error of fact or law on this issue.

## III. St. Paul's Lack of Joint-Defense Agreement with Third-Party Plaintiffs

Third-Party Plaintiffs argue the court's determination that St. Paul and Third-Party Plaintiffs have a common interest in the defense of the underlying litigation is factually and legally incorrect. Third-Party Plaintiffs argue that no common interest exists, that production of the requested documents will violate privileges claimed by Third-Party Plaintiffs, and that St. Paul seeks only to defeat coverage.

As stated, this court held St. Paul has a duty to represent and protect the interests of Third-Party Plaintiffs. In its Response to Third-Party Plaintiffs' Motion for Reconsideration and Clarification, St. Paul acknowledges its duty to defend. (St. Paul's Resp. to Third-Party's Plaintiffs' Mot. (ECF. No. 936.), at 8.) The facts thus show there is a common interest between St. Paul and

Third-Party Plaintiffs.

Moreover, Third-Party Plaintiffs do not explain in any detail which privileges will be violated and how they will be violated. Third-Party Plaintiffs did not produce a privilege log showing which documents fall under a claimed privilege. Third-Party Plaintiffs therefore fail set forth convincing laws or facts which would induce the court to reverse its prior decision on this issue.

Third-Party Plaintiffs argue that if the court is unwilling to reverse its prior decision, at the very least the court should address their confidentiality concern by ordering that the requested documents be designated "attorney and expert eyes only." (Third-Party Plaintiffs' Reply in Supp. of Mot. for Clarification and Recons. ("Reply") (ECF. No. 942.), at 7.) Third-Party Plaintiffs point out that St. Paul is an entity of Travelers, which has an obligation under numerous unrelated insurance policies to defend or indemnify many other potentially responsible parties at the Site. Consequently, Third-Party Plaintiffs argue, there is a risk that St. Paul could inadvertently disclose sensitive documents to Travelers' other insureds. Third-Party Plaintiffs ask the to court minimize this risk by ordering the requested documents be designated "attorney and expert eyes only." (Reply, at 7.)

Such a designation is reasonable and will help to ensure confidential documents are not disclosed beyond those persons who need to know the information for purposes of assessing the reasonableness and necessity of attorney fees and costs. Also, there is no indication the designation would cause St. Paul to suffer any disadvantages at trial that would outweigh the need to ensure confidentiality. The court therefore agrees that limiting production of requested documents to attorneys and experts only is warranted. Consequently, the court grants this part of Third-Party Plaintiffs motion, and orders Third-Party Plaintiffs to prepare an order agreeable to all parties

limiting production of requested documents to attorneys and experts only.

## IV. Rule 503 of Oregon Evidence Code

Third-Party Plaintiffs argue the court misapplied Rule 503 of Oregon Evidence Code ("Rule 503"). Rule 503 protects confidential communications between lawyers and clients as well as communications between associated representatives. Information between the client or the client's lawyer, and lawyers representing another party in a matter of common interest are protected as confidential. Rule 5039(2)(c).

Like their previous arguments, Third-Party Plaintiffs argue St. Paul is not a party of common interest and the production of these documents will violate privileges of confidentiality. As previously stated, St. Paul's counsel is tasked with representing and protecting Third-Party Plaintiffs' interests. Consequently, St. Paul's counsel are lawyers representing another party – St. Paul – in a matter of common interest. Any disclosure to St. Paul's counsel therefore remains confidential pursuant to Rule 503. Third-Party Plaintiffs thus have not shown the court misapplied or misinterpreted Rule 503, or that the production of the requested documents would breach confidentiality rules.

## IV. Alleged Inconsistency as to Joint-Defense Privileges

Third-Party Plaintiffs argue the court's opinion is inconsistent as to joint-defense or common-interest privileges. "The joint defense and common interest doctrines are not privileges in and of themselves. Rather, they constitute exceptions to the rule on waiver where communications are disclosed to third parties." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007).

Third-Party Plaintiffs argue the court incorrectly found that Third-Party Plaintiffs have a

common interest with St. Paul but do not have a common interest with numerous defense groups with whom Third-Party Plaintiffs have agreed to jointly work to minimize liability. Third-Party Plaintiffs argue this is an error of fact and a misunderstanding of joint-defense or common-interest privileges.

The court did not suggest and did not hold that Third-Party Plaintiffs do not have a common interest with numerous defense groups with whom Third-Party Plaintiffs have agreed to work to minimize potential liability. Such a determination is not, nor was it ever, at issue. Rather, because "Third-Party Plaintiffs seek both a defense from, and indemnification of, the Environmental Claims from St. Paul," *Century Indem. Co.*, 2015 WL 9294792, at * 4, and because St. Paul must contribute to the defense incurred by Third-Party Plaintiffs, the court held St. Paul shares a common interest between Third-Party Plaintiffs as well as other identified potentially responsible parties in seeking to limit potential liability. Third-Party Plaintiffs provide nothing to show such a holding is a clear error of fact or law.

Third-Party Plaintiffs argue that St. Paul's interests are not aligned with Third-Party Plaintiffs because, according to Third-Party Plaintiff's, St. Paul argued "at a recent trial" that the only insurance policy Third-Party Plaintiffs can collect from limits St. Paul's exposure to $100,000 in property-damage costs. (Reply, at 6.) By contrast, Third-Party Plaintiffs face over $2,000,000,000 in liability. Thus, Third-Party Plaintiffs argue, the parties' financial interests are "radically different." (Reply, at 6.) Even assuming St. Paul were responsible only for $100,000 in liability – which the court has now rejected – St. Paul still wants to limit potential liability as much as possible. Therefore, St. Paul's interests remain aligned with those of Third-Party Plaintiffs and other identified potentially responsible parties, as each party's goal is to limit potential liability. The court therefore

made no clear error of law or fact with regard to its determination that St. Paul shares a  common

interest with Third-Party Plaintiffs and other potentially liable parties.  Thus, St. Paul shares a

common interest with Third-Party Plaintiffs and other potentially liable parties, an exception to the

rule on waiver applies, and Third-Party Plaintiffs will not waive the attorney-client privilege by

disclosing the requested documents to St. Paul.

## V. Disclosing Documents Will Harm Third-Party Plaintiffs' Defense

Third-Party Plaintiffs argue disclosing highly sensitive documents to St. Paul will harm

Third-Party Plaintiffs' defense.[4]  Specifically, because, as mentioned, St. Paul is an entity of

Travelers, who has an obligation to defend or indemnify many other potentially responsible parties

at the Site, Third-Party Plaintiffs are concerned its defense strategy will be disclosed to insurers that

are defending other potentially responsible parties. First, St. Paul's counsel is compelled to represent

and protect Third-Party Plaintiffs' interests.  Therefore, St. Paul's lawyers represent another party

in a matter of common interest, and thus are more akin to co-counsel.  As such, any information

provided to St. Paul's counsel is confidential and may not be disclosed to third parties.  *See* Rule

503(2) (stating information between the client or the client's lawyer and lawyers representing another

party in a matter of common interest are protected as confidential).  Moreover, as stated above, the

court orders Third-Party Plaintiffs to prepare an order agreeable to all parties  limiting production

---

[4]Third-Party Plaintiffs also argue OR. REV. STAT. 465.483 requires independent counsel for the insured in part so the insured can control what type of defense material is disclosed to the insurer. While the statute requires the insurer to provide independent counsel under certain circumstances, nothing in the statute compels the conclusion the independent counsel requirement is intended to allow the insured to control the information to which the insurer has access.  To the contrary, the statute envisions cooperation between insured and insurer, as it specifically states the insured has a duty to cooperate with the insurer under the terms of the parties' insurance contract. OR. REV. STAT. 465.483(4).  The court therefore finds this argument unpersuasive.

of requested documents to attorney and experts only. This protective order should alleviate any concern Third-Party Plaintiffs have that St. Paul will somehow disclose sensitive, confidential information to other insurers.

## VI. Disclosing Documents Will Harm Third-Party Plaintiffs' Defense

Finally, Third-Party Plaintiffs argue the court should reconsider its order that Third-Party Plaintiffs bear the cost of producing the documents St. Paul requested. Third-Party Plaintiffs argue bearing the cost of production would cause manifest injustice because Third-Party Plaintiffs will be forced to expend an enormous amount of financial resources and attorney hours preparing the documents for production.

Federal Rule of Civil Procedure 26(b)(1) provides that: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." "[T]he presumption is that the responding party must bear the expense of complying with discovery requests, but may invoke the district court's discretion under Rule 26(c) . . . , including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). Cost-shifting should only be considered when discovery imposes an "undue burden or expense" that outweighs the likely benefit of the discovery. FED. R. CIV. P. 26(b)-(c) (2016).

In arguing the court should reconsider its holding that Third-Party Plaintiffs bear the cost of production, Third-Party Plaintiffs have not cited to any case law or presented any new facts to support its position or analysis. Instead, Third-Party Plaintiffs simply ask that the court reconsider its previous decision requiring Third-Party Plaintiffs to bear the costs of production of the documents. Reconsideration is not to "be used to ask the Court to rethink what it has already

thought." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 581 (D. Ariz. 2003). The court will not reconsider its prior ruling requiring Third-Party Plaintiffs to bear the cost of production.

## VII.  Conclusion

As stated in its original Opinion and Order,  the court finds the documents requested by St. Paul are relevant, that St. Paul has substantial need for the documents to meets its burden at trial, and that St. Paul's substantial need outweighs any burden to Third-Party Plaintiffs potentially resulting from the production of such documents.  In addition, St. Paul, as Third-Party Plaintiffs' insurer participating in the defense of the Environmental Claims, has a common interest in the defense of the underlying litigation.  Because St. Paul and Third-Party Plaintiffs have a common interest in the defense of the underlying litigation, production of the requested documents will not violate any privileges claimed by Third-Party Plaintiffs.  Moreover, the court orders Third-Party Plaintiffs to prepare an order agreeable to all parties limiting production of requested documents to attorney and experts only. Such a protective order should allay any concern Third-Party Plaintiffs have that St. Paul will inadvertently disclose confidential information to other insurers or third parties.  Finally, Third-Party Plaintiffs shall bear the cost of such production and shall be prohibited from offering at trial any documents not produced to St. Paul, as well as any testimony based on the review of such withheld documents.

### Conclusion

For the reasons stated above, Third-Party Plaintiffs' Motion (ECF No. 921) for Reconsideration of Discovery Ruling is DENIED and the prior Opinion and Order is affirmed as clarified in this Opinion and Order.   The court also orders Third-Party Plaintiffs to prepare an order

agreeable to all parties limiting production of requested documents to attorney and experts only.

DATED this 10th day of May, 2016

_____ /s/ John V. Acosta _____
JOHN V. ACOSTA
United States Magistrate Judge