UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CENTURY INDEMNITY COMPANY,
a Pennsylvania Corporation,

                Plaintiff,

      v.

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive Oregon corporation,

                Defendants.

Case No.: 3:08-CV-1375-AC

ORDER

THE MARINE GROUP, LLC, a California limited liability company, as affiliated with Northwest Marine, Inc.; NORTHWEST MARINE, INC., an inactive Oregon

Page 1 - OPINION AND ORDER                                                                           *{SIB}*

corporation, as affiliated with Northwest Marine Iron Works; NORTHWEST MARINE IRON WORKS, an inactive Oregon corporation; and BAE SAN DIEGO SHIP REPAIR, INC., a California corporation,

        Third-Party Plaintiffs,

      v

AGRICULTURAL INSURANCE COMPANY and AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, each an Ohio corporation; AMERICAN CENTENNIAL INSURANCE COMPANY, a Delaware corporation; CHICAGO INSURANCE COMPANY, an Illinois corporation; CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation; HARTFORD INSURANCE COMPANY, a Connecticut corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a New Jersey corporation; INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and CERTAIN LONDON MARKET INSURANCE COMPANIES, each a foreign corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; NEW ENGLAND REINSURANCE COMPANY, a Connecticut corporation; OLD REPUBLIC INSURANCE COMPANY, an Illinois corporation; PACIFIC MUTUAL MARINE OFFICE INC., a New York corporation;

RELIANCE INSURANCE COMPANY, a
Pennsylvania corporation; ROYAL
INDEMNITY COMPANY, a Delaware
corporation; ST. PAUL FIRE & MARINE
INSURANCE COMPANY, individually
and as successor to ST. PAUL MERCURY
INDEMNITY COMPANY, a Minnesota
corporation; TWIN CITY FIRE
INSURANCE COMPANY, an Indiana
corporation; WATER QUALITY
INSURANCE SYNDICATE, a syndicate
of foreign corporations; WEST COAST
MARINE MANAGERS, INC., a New York
corporation; AMERICAN MANUFACTURER'S
MUTUAL INSURANCE COMPANY, an
Illinois corporation; DANIELSON
NATIONAL INSURANCE COMPANY,
successor to MISSION NATIONAL
INSURANCE COMPANY, a California
corporation; FM GLOBAL INSURANCE
AGENCY, successor to ARKWRIGHT
BOSTON MANUFACTURER'S MUTUAL
INSURANCE COMPANY, a Delaware
corporation; STERLING CASUALTY
INSURANCE COMPANY, successor to
NATIONAL AUTOMOBILE AND
CASUALTY COMPANY, a California
corporation; and JOHN DOE INSURANCE
COMPANIES,

                Third-Party Defendants.

_____

ACOSTA, Magistrate Judge:

      Third-party defendant St. Paul Fire and Marine Insurance Company ("St. Paul") and third-party plaintiffs the Marine Group, LLC, Northwest Marine, Inc., Northwest Marine Iron Works, and BAE Systems San Diego Ship Repair, Inc. (collectively "Marine") seek an order from the court relieving the parties from a provision in the Opinion and Order entered May 10, 2016 (ECF No. 950)

(the "Opinion"), which addressed Marine's motion to reconsider[1] a prior ruling[2] on St. Paul's motion to compel.[3]  Specifically, the parties ask the court to withdraw a provision in the Opinion limiting Marine's production of documents requested by St. Paul to attorneys and experts of St. Paul, thereby preventing the disclosure of such documents to St. Paul.

The parties represent they have reached a settlement in principal on the restriction set forth in the relevant provision.  They now jointly move for an order that the prior restriction to attorney and experts only no longer applies to St. Paul.  Accordingly, based on the reported settlement in principle and joint request;

IT IS ORDERED that the language of the Opinion set forth in the last two paragraphs of Section III found on pages 13 and 14 do not apply to St. Paul, are no longer warranted, and are hereby stricken from the Opinion.

DATED this 15th day of March, 2017.

                                            /s/ John v. Acosta
                                            JOHN V. ACOSTA
                                   United States Magistrate Judge

---

[1] ECF No. 921

[2] ECF No. 899

[3] ECF No. 695